1  James D. DeRoche, Bar No. 69592
   JDeRoche@perkinscoie.com
2  Steven C. Gonzalez, Bar No. 191756
   SGonzalez@perkinscoie.com
3  PERKINS COIE LLP
   1620 26th Street
4  Sixth Floor, South Tower
   Santa Monica, CA  90404-4013
5  Telephone:  310.788.9900
   Facsimile:  310.788.3399
6
   Attorneys for Defendant
7  Rocky Mountain Chocolate Factory, Inc.

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 SDMS, IND., THOMAS P.              No. 08CV833 (JM) (AJB)
   ANDERSON, and KEN PECUS,
12                                    **MEMORANDUM OF POINTS AND**
                  Plaintiffs,         **AUTHORITIES IN SUPPORT OF**
13                                    **DEFENDANT'S MOTION TO DISMISS**
          v.                          **PURSUANT TO FEDERAL RULE OF**
14                                    **CIVIL PROCEDURE 12(b)(6)**
   ROCKY MOUNTAIN CHOCOLATE
15 FACTORY, INC.,                     Date:      August 1, 2008
                                      Time:      1:30 p.m.
16                Defendant.          Ctrm:      16
                                      Judge:     Hon. Jeffrey T. Miller
17
                                      [Complaint Filed on May 13, 2008]
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   RELEVANT FACTS ........................................................................................... 1

III.  ARGUMENT ...................................................................................................... 4

    A.    The § 17000 Claim Should Be Dismissed Because It Fails to State a
         Valid Claim and Because It Is Barred by Res Judicata ................................ 5

         1.    The Complaint Fails to State a Claim Under § 17000 ...................... 5

         2.    The Claim is Barred by the Doctrine of Res Judicata ...................... 7

    B.    The Business and Professions Code Section 17200 Claim Should Be
         Dismissed Because Plaintiffs Lack Standing to Bring a Damages
         Claim, Because the Claim Is Barred by Res Judicata and Fed. R. Civ.
         P. 13, Because Several Claims Fail as a Matter of Law, and Because
         Portions of the Claim Are Insufficiently Pled ............................................ 10

         1.    Plaintiffs Lack Standing to Bring a Claim for Damages,
              Penalties, or Disgorgement ................................................................ 10

         2.    The Claim is Barred by the Doctrine of Res Judicata and Fed.
              R. Civ. P. 13 ...................................................................................... 11

         3.    Several of Plaintiffs' Claims Fail as a Matter of Law ..................... 15

         4.    Several Elements of Plaintiffs' § 17200 Claim Fail Because
              They Are Insufficiently Pled ............................................................. 18

    C.    Plaintiffs Fail to State a Claim for Relief Under § 17500 ........................... 20

IV.  CONCLUSION ................................................................................................ 21

1

# TABLE OF AUTHORITIES

2

**Page**

3

<u>Cases</u>

4

*Acree v. General Motors Acceptance Corp.*, 92 Cal. App. 4th 385 (2001) .................................. 15

5

*Albright v. Gates*, 362 F.2d 928 (9th Cir. 1966) ........................................................... 14

6

*Baker v. Gold Seal Liquors, Inc.*, 94 S. Ct. 2504 (1974) ............................................ 4, 13

7

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir.1990) .................................... 4

8

9

*Baymiller v. Guarantee Mut. Life Co.*, No. SA CV99-1566DOC(ANX), 2000 WL
33774562 (C.D. Cal. Aug. 3, 2000) ........................................................................ 15

10

*Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007) .................................... 4, 18, 19, 20

11

*Branch v. Tunnell,* 14 F.3d 449 (9th Cir. 1994) ...................................................... 2

12

*Building Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400 (2004) ............................... 6

13

*California State Auto. Assn. Inter-Ins. Bureau v. Superior Court*, 50 Cal. 3d 658 (1990)............ 16

14

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163
(1999).................................................................................................. 5

15

16

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04CV2562 JM(CAB), 2006 WL
4569360 (S.D. Cal. Feb. 6, 2006) ........................................................................ 20

17

*Greenberg & Associates, Inc. v. Cohen*, No. 05CV01233LTBMJ, 2006 WL 318668
(D. Colo. 2006) ........................................................................................ 7

18

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)................................... 18, 19, 20

19

20

*Liberty Mut. Ins. Co. v. Arthur J. Gallagher & Co.*, No. C94-3384 MHP, 1994 WL
715613 (N.D. Cal. Dec. 19, 1994) ........................................................................ 17

21

*Little Oil Co., Inc. v. Atlantic Richfield Co.*, 852 F.2d 441 (9th Cir. 1988)................................. 10

22

*Manufactured Home Communities v. City of San Jose*, 420 F.3d 1022 (9th Cir. 2005).................. 8

23

*Meta-Film Associates, Inc. v. MCA, Inc.*, 586 F. Supp. 1346 (C.D. Cal. 1984) ........................... 11

24

*MGIC Indem. Corp. v. Weisman,* 803 F.2d 500 (9th Cir. 1986)........................................... 3

25

*Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708 (9th Cir. 2001) ................................... 8

26

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) .................................................. 2

27

*Red Roof Inns, Inc. v. Murat Holdings, L.L.C.*, 223 S.W.3d 676 (Tex.App. 2007)...................... 18

28

*Sacks v. Office of Foreign Assets Control*, 466 F.3d 764 (9th Cir. 2006)................................... 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Samura v. Kaiser Found. Health Plan, Inc.,* 17 Cal. App. 4th 1284 (1993)................................. 16

*Sawyer v. Resolution Trust Corp.*, 81 F.3d 170, 1996 WL 144223 (9th Cir. 1996) ........................ 9

*Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144 (2000).................................................... 5

*Scott v. Kuhlmann,* 746 F.2d 1377 (9th Cir. 1984) ......................................................... 4

*Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) ............................... 20

*South Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370 (D.N.J. 2007) ........................ 7

*Stockton Metropolitan Transit Dist. v. Amalgamated Transit Union*, 132 Cal. App. 3d 203 (1982) ................................................................................................... 20

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137 (9th Cir. 2002) ........................ 7

*Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning*, 322 F.3d 1064 (9th Cir. 2003) .................................................................................................... 8

*Union Paving Company v. Downer Corporation*, 276 F.2d 468 (9th Cir. 1960) .............. 13, 14, 15

*United States ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905 (9th Cir.1998)............................. 8

## **Statutes**

Cal. Bus & Prof. Code § 17000 ....................................................................... 1, 5, 6, 7, 9

Cal. Bus & Prof. Code §§ 17040,17043-17045 ................................................................ 5

Cal. Bus & Prof. Code §§ 17040-17051 ......................................................................... 5

Cal. Bus. & Prof. Code § 17200 .......................................................... 10, 11, 12, 15, 16, 17, 18

Cal. Bus. § Prof. Code §§ 17203, 17204........................................................................ 10

## **Regulations**

Cal. Admin. Code tit. 10, § 310.114.1(c)(6) ................................................................. 18

## **Other Authorities**

Prop. 64, § 1, subd. (c), .......................................................................................... 10

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3

**<u>Rules</u>**

4

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4

5

Fed. R. Civ. P. 13 .................................................................. 1, 4, 10, 11, 12, 13, 14, 21

6

Fed. R. Civ. P. 8 .................................................................................................... 19

7

Fed. R. Civ. P. 8(a) ............................................................................................... 18

8

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

This action is a transparent attempt by Plaintiffs to get a second bite at the apple – they are trying to relitigate claims they previously asserted and for the most part have already lost in a different federal forum.  That case, relating to claims between the exact same parties arising out of the exact same franchise contract and ensuing relationship, remains pending in the United States District Court for the District of Colorado and is set for trial in November, (*see* Plaintiffs' First Amended Complaint, hereinafter "Cmplt.," ¶ 39).  Having lost most of their claims there, and waiting for trial on one, Plaintiffs now seek to have this court hear the same claims with different legal labels.  This Court should not countenance Plaintiffs' efforts to relitigate claims which they did assert or could have asserted in the other action, and should dismiss this case with prejudice.

Plaintiffs have asserted two causes of action, one under the Unfair Practices Act and one under the Unfair Competition Law.  As set forth below, Plaintiffs' first cause of action fails because it does not state a viable claim under California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17000, and is precluded by res judicata.  Plaintiffs' second cause of action, in which Plaintiffs attempt to challenge 14 alleged business practices, fares no better.  Many of Plaintiffs' allegations of unfair business practices are barred by the preclusive effect of res judicata and waived under Fed. R. Civ. P. 13.  Further, some allegations fail as a matter of law.  Finally, certain other allegations are insufficient to provide the required notice as to the complained conduct, and fail for that reason.

# II.    RELEVANT FACTS

Defendant Rocky Mountain Chocolate Factory, Inc. ("RMCF") is a franchisor who has developed methods for establishing, operating and promoting retail stores selling its gourmet chocolates and other premium confectionery.  (*See* Cmplt. ¶ 10 .)  RMCF grants the right to others, pursuant to written franchise agreements, to develop and operate Rocky Mountain Chocolate Factory stores ("RMCF Stores"), using RMCF's marks and proprietary methods of doing business.  (*See* Franchise Agreement, Exhibit A hereto (this document was attached as Exhibit 2 to the Cmplt.).)

Plaintiffs are former RMCF franchisees.  (*See* Cmplt. ¶ 25.) After reviewing the RMCF Uniform Franchise Offering Circular and Franchise Agreement with counsel, Plaintiffs signed a Franchise Agreement with RMCF in August 2003.  (*See* Exhibit A) The parties' fully integrated Franchise Agreement governed the terms of their franchise relationship.  Pursuant to the Franchise Agreement, Plaintiffs were granted the right to operate a Rocky Mountain Chocolate Factory store in San Diego, California.  (*Id.*) Plaintiffs opened for business in February 2004 and operated their RMCF store for just over two years.  (Cmplt. ¶¶ 25-27.)  However, on May 11, 2006, Plaintiffs informed RMCF that they were going to abandon the Franchise Agreement prematurely, disassociate from RMCF and operate a competing chocolate store in the same location. (*See* Cmplt. ¶¶ 27-28.)

The parties entered into protracted negotiations through October 2006, (*see* Cmplt. ¶ 33), and agreed that while they negotiated: (1) Plaintiffs would continue on as RMCF franchisees; (2) both parties would fully comply with the Franchise Agreement; and (3) they would stay the lawsuit RMCF had filed in Colorado to protect its rights.  However, contrary to the parties' stay agreement and Franchise Agreement, Plaintiffs unilaterally ceased paying royalties and began ignoring important operational covenants of the Franchise Agreement, including by offering unauthorized competitor's products. Therefore, RMCF sent a notice of default and, after Plaintiffs failed to cure, terminated the Franchise Agreement.  As Plaintiffs refused to stop operating under RMCF's name and trademarks, RMCF filed an Amended Complaint in the Colorado action on October 20, 2006, asserting claims of trademark infringement and unfair competition under the Lanham Act, trade secret misappropriation, and breach of contract, and seeking injunctive relief and damages.  (*See* Colorado Amended Complaint, Exhibit B.)[1]  The Court granted

---

[1] Although Plaintiffs did not attach the Colorado Amended Complaint or other pleadings filed in the Colorado action to their Complaint in this case, the Court may consider these documents in ruling on this Motion, as the Complaint refers to the contents of these documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998) ("A district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"); *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (same).  In any event, the Court

1    RMCF's motion for a preliminary injunction.  (*See* December 8, 2006 Order granting

2    Preliminary Injunction, Exhibit C.)  Plaintiffs thereafter operated a store they claimed was

3    non-competing at the same location for a period of time, and then closed the store when

4    the lease ran out.

5         Plaintiffs asserted eight counterclaims against RMCF in the Colorado action:  two

6    claims for misrepresentation under the California Franchise Investment Law ("CFIL"); a

7    claim of wrongful termination of the Franchise Agreement under the California Business

8    and Profession Code; two common law fraud claims; a claim for "unconscionable

9    contract"; a claim for breach of contract; and a claim for breach of the duty of good faith

10   and fair dealing.  (*See* Counterclaims, Exhibit D.)  On April 17, 2007, Plaintiffs amended

11   their counterclaims to (1) correct several citations to the California statutory claims; (2)

12   add allegations that RMCF had failed to disclose itself as a competitor to its franchisees

13   based on sales to third party retailer in the UFOC; and (3) add allegations that oral

14   misrepresentations "consistent with those in the UFOC" had been made to them.  (*See*

15   Amended Counterclaims, Exhibit E.)  Generally, Plaintiffs challenged RMCF's pre-

16   contract representations, the enforceability of multiple terms of the Franchise Agreement

17   and RMCF's business model and practices.

18        The Colorado action and the parties' respective claims against each other

19   proceeded forward, with the parties engaging in protracted discovery, motions practice

20   and preparation for the November 2008 trial.  With respect to RMCF's claim for a

21   permanent injunction to protect its trademarks and enforce the covenant not to compete,

22   Plaintiffs stipulated to the entry of a permanent injunction against them and thereby

23   resolved those claims for relief.  (*See* September 18, 2007 Joint Motion to Enter Stipulated

24

25   may take judicial notice of "matters of public record," including pleadings from other cases,
     without converting a motion to dismiss into a motion for summary judgment.  *See MGIC Indem.*

26   *Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (court took judicial notice of motion to
     dismiss filed in a separate suit and considered it in the motion to dismiss before it).  RMCF

27   hereby asks this Court to take judicial notice of this and other Exhibits to this Motion that are part
     of the record of the referenced action before the United States District Court for the District of

28   Colorado.

1   Permanent Injunction Order, Exhibit F and Order, Exhibit G.)[2]  The parties filed cross-

2   motions for summary judgment with respect to the remaining claims.  The Court granted

3   RMCF summary judgment on all but one of the allegations Plaintiffs asserted in support

4   of the two CFIL claims and the two common law fraud claims, as well as on all of

5   Plaintiffs' other remaining counterclaims.  (*See* November 30, 2007 Order on Summary

6   Judgment, Exhibit H.)  Having lost most of their claims, Plaintiffs next filed this case.

7   ### III.    ARGUMENT

8          Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate based on a

9   lack of a cognizable legal theory or on the absence of facts that would support a valid

10  theory.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  A

11  complaint must "contain either direct or inferential allegations respecting all the material

12  elements necessary to sustain recovery under some viable legal theory."  *Bell Atl. Corp. v.*

13  *Twombly,* 127 S. Ct. 1955, 1969 (2007); *Boone v. Carlsbad Cmty. Church*, No. 08-CV-

14  0634 W(AJB), 2008 WL 2357238, at *3 (S.D. Cal. June 6, 2008).  The factual allegations

15  must be definite enough to "raise a right to relief above the speculative level" and the

16  complaint must include enough facts to state a claim that is "plausible on its face."

17  *Twombly*, 127 S. Ct. at 1959-60.  That is, the pleadings must contain factual allegations

18  "plausibly suggesting (not merely consistent with)" a right to relief.  *Id.* at 1959 (noting

19  that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), requiring pleadings to

20  demonstrate that "the pleader is entitled to relief").

21         Dismissal under Federal Rule of Civil Procedure 12(b)(6) is also appropriate

22  whenever the record demonstrates the claim is barred under the res judicata and/or by

23  Federal Rule of Civil Procedure 13's compulsory counterclaim requirements.  *See Baker*

24  *v. Gold Seal Liquors, Inc.*, 94 S. Ct. 2504, 2506 n.1 (1974) (explaining that a counterclaim

25  which is compulsory under Fed. R. Civ. P. 13 but is not brought is thereafter barred); *Scott*

26  *v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984).

27

28         [2] RMCF thereafter withdrew its claim for damages under those legal theories, leaving only its claim for damages under its breach of contract claims remaining for trial.

**A.      The § 17000 Claim Should Be Dismissed Because It Fails to State a Valid**

**Claim and Because It Is Barred by Res Judicata.**

     **1.      The Complaint Fails to State a Claim Under § 17000.**

California Business and Professions Code section 17000, *et seq.*, known as the

Unfair Practices Act, prohibits only certain enumerated "practices which the legislature

has determined constitute unfair trade practices." *Cel-Tech Communications, Inc. v. L.A.*

*Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999); *Schnall v. Hertz Corp.*, 78 Cal. App. 4th

1144, 1153 (2000) (explaining that the Unfair Practices Act proscribes specific practices).

The specific actions prohibited under § 17000 *et seq.* are set forth at §§ 17040-17051 as

"Offenses Against the Chapter" and comprise: selling articles below cost to the

manufacturer, giving product away for free for the purpose of injuring competitors and

destroying competition, granting some but not all purchasers purchasing on the same

terms and conditions secret payments or allowances tending to destroy competition, and

creating locality discriminations in price with the intent to destroy competition. *See* Cal.

Bus. & Prof. Code §§ 17040, 17043-17045.

To state a claim under the Unfair Practices Act, Plaintiffs would have had to allege

that RMCF engaged in one or more of the acts enumerated in §§ 17040-17051, as these

acts constitute the only business practices that § 17000 prohibits.  Plaintiffs do not allege

that RMCF committed any of the acts which the Unfair Practices Act prohibits, as they do

not allege that RMCF sold articles below cost, gave product away for the purpose of

injuring competitors and destroying competition, granted some but not all purchasers

purchasing upon like terms and conditions secret payments or allowances tending to

destroy competition, or created locality discriminations in price with the intent to destroy

competition.  *See* Cal. Bus. & Prof. Code §§ 17040-17051.  As Plaintiffs do not allege that

RMCF committed any of the specific acts proscribed under § 17000, Plaintiffs' First

Cause of Action fails to state a claim for relief under the Unfair Practices Act.

Accordingly, the First Cause of Action should be dismissed with prejudice under Federal

Rule of Civil Procedure 12(b)(6).

1    Moreover, as the Colorado Court correctly found, even if the conduct alleged in

2  Plaintiffs' claim for relief were prohibited by § 17000 and even if such a claim were not

3  barred by res judicata (see below), the claim fails as a matter of law.  Plaintiffs' allegation

4  that RMCF did not disclose its sales of product to non-franchisee retailers is demonstrably

5  factually incorrect, as established by the documents on which Plaintiffs' claim is based,

6  and is superseded by the contents of the UFOC.  *See Building Permit Consultants, Inc. v.*

7  *Mazur*, 122 Cal. App. 4th 1400, 1409 (2004) (contents of incorporated document

8  supersede inconsistent or contrary allegations in complaint).  RMCF specifically advised

9  that franchisees are required to purchase all products from only designated suppliers and

10  that RMCF is "the designated supplier of [RMCF] branded Factory Candy."  (*See* UFOC,

11  Exhibit I, Item 8, pp. 11-12 (this document was attached as Exhibit 1 to the Cmplt.).)

12  RMCF further disclosed its revenue derived from sales to franchisees in the prior fiscal

13  year.  *Id.*  And, RMCF specifically advised that it reserved the right to sell its products

14  "through alternative channels of distribution other than [RMCF] stores, . . . including . . .

15  the Internet, catalog [and] the wholesale sale of its products to unrelated retail outlets."

16  (*Id.*, Item 12, p. 20.)

17    Plaintiffs specifically acknowledged this fact in writing when they signed the

18  Closing Acknowledgement at the time they received the UFOC.  (*See* Ex. I, Closing

19  Acknowledgement ¶ 8.)  In addition, Plaintiffs expressly agreed they were required to buy

20  candy from RMCF (*see* Ex. A ¶ 13.4.) and also that RMCF could sell its product to non-

21  franchisee retailers:

22

23    The Franchisee acknowledges that the franchise granted hereunder is non-
     exclusive and that the Franchisor retains the rights, among others:
24

25    (2) to use the Marks and Licensed Methods to identify services and
     products, promotional and marketing efforts or related items, and to identify
26    products and services similar to those which the Franchisee will sell, but
     made available though alternative channels of distribution other than
27    through traditional ROCKY MOUNTAIN CHOCOLATE FACTORY
     stores, at any location other than at the Franchised Location, including . . .
28

the Internet, catalog [and]… wholesale sale of its products to unrelated retail outlets . . .

(*See* Ex. A § 3.3.)  Plaintiffs cannot now claim that terms to which they expressly agreed constitute an unfair business practice.

### 2.    The Claim is Barred by the Doctrine of Res Judicata.

Even if the conduct alleged in Plaintiffs' claim for relief were prohibited by § 17000 and not contradicted by the UFOC and Franchise Agreement, the claim would still fail as a matter of law because it is barred under the doctrine of res judicata.  Plaintiffs previously put forth the same allegations in *Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc. et al.*, Case No. 06-cv-01212-WYD-BNB (D. Colo.) (hereinafter, the "Colorado action").  In that action, Plaintiffs brought one of the same claims they assert here, which was adjudicated on the merits, and could have asserted the other claims against RMCF as well.[3]  Thus, in filing this action, Plaintiffs are impermissibly seeking a second chance to litigate claims they already raised, could have raised, or should have raised in the Colorado action.  As res judicata preclusion bars these claims, Plaintiffs should not be permitted to do so.

The Ninth Circuit has held that *res judicata* bars claims whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)

---

[3] Plaintiffs' assertion in ¶ 37 of the Complaint that they were somehow unable to bring the instant California statutory claims in the Colorado action is specious.  Plaintiffs brought several claims under California statutes in the Colorado action, and there is no basis to treat the instant claims as different such that they could not also have raised them in the Colorado action.  Indeed, Plaintiffs could have brought these claims (although, for the reasons stated above, not in good faith), in the Colorado action, as a federal court may apply the law of another jurisdiction. *See, e.g., S. Broward Hosp. Dist. v. MedQuist Inc.,* 516 F. Supp. 2d 370, 376 (D.N.J. 2007) (non California federal district court ruling on California Unfair Business Practices Act claims and dismissing same because Plaintiffs did not allege with adequate specificity which business practices were forbidden by law, which were unfair or which were fraudulent); *Greenberg & Assocs., Inc. v. Cohen,* No. 05CV01233LTBMJ, 2006 WL 318668, at *2 (D. Colo. Feb. 8, 2006) (applying California substantive law in case premised on diversity jurisdiction).

1   (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001)). All

2   three elements are met here to bar Plaintiffs' claim.

3        First, as shown below, the requirement of identity of claims is satisfied. In the

4   Ninth Circuit "[i]dentity of claims exists when two suits arise from 'the same transactional

5   nucleus of facts' . . . " *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*, 322 F.3d

6   1064, 1078 (9th Cir. 2003). Not only are claims that were actually litigated barred, but

7   also newly articulated claims based on the same nucleus of facts are precluded by res

8   judicata if the claims *could have been brought* in the earlier action. *Id.; Manufactured*

9   *Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (final judgment on

10  the merits of an action precludes parties from relitigating issues that were *or could have*

11  *been* raised in that action); *United States ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905,

12  909 (9th Cir. 1998) (holding that it is immaterial whether the new claims were in fact

13  pursued in the initial action; the relevant inquiry is whether they could have been

14  brought). For this reason, "the fact that res judicata depends on an "identity of claims"

15  does not mean that an imaginative attorney may avoid preclusion by attaching a different

16  legal label to an issue" that has or could have been litigated. *Tahoe Sierra Pres. Council*,

17  322 F.3d at 1077-78.

18       Impermissibly attempting to "avoid preclusion by attaching a different legal label

19  to an issue that has, or could have, been litigated" is precisely what Plaintiffs are trying to

20  do. Plaintiffs asserted or could have asserted all of the allegations set forth in support of

21  their Section  claim in Colorado. Plaintiffs allege as one element of their first cause of

22  action that RMCF failed to disclose sales of its product to non-franchisee retailers.

23  (Cmplt. ¶¶ 46(d).) This exact same factual allegation formed the basis of several of

24  Plaintiffs' counterclaims against RMCF in the Colorado action. (*See* Ex. E ¶¶ 14, 26, 31,

25  39, 48.) The only difference lies in the claims' legal labels: here, Plaintiffs are seeking

26  recovery under the California Unfair Practices Act, while in the Colorado action, they

27  sought recovery under the California Franchise Investment Law and common law fraud

28

1   theories.  Therefore, *res judicata* bars Plaintiffs from raising the frivolous claim in this

2   action that RMCF did not disclose sales of its product to non-franchisee retailers.

3          Plaintiffs further assert that the acts of offering product to third-party retailers

4   allegedly at a lower price than to franchisees, and offering these retailers products

5   allegedly unavailable to franchisees, constitute actionable unfair business practices.

6   (Cmplt. ¶¶ 44-46.)[4]  The transactional nucleus of facts – i.e., the allegations that RMCF

7   sold product to third-party retailers – underlying these claims consists of the same facts

8   which gave rise to several of Plaintiffs' counterclaims in the Colorado action.  (*See* Am.

9   Counterclaims, Ex. E, ¶¶ 14, 26, 31, 39, 48.)  As a result, Plaintiffs could have raised the

10  same legal issues in the Colorado action that they seek to raise now in their first cause of

11  action.

12         Second, there can be no question that a final judgment on the merits exists, as the

13  Colorado Court's summary judgment Order disposed of those counterclaims that were

14  based on the same allegations as set forth here.  (*See* Ex. H.)  The Colorado Court

15  correctly found that the undisputed facts showed that RMCF did, in the UFOC <u>and</u> in the

16  Franchise Agreement, disclose its sales to third party retailers to Plaintiffs before they

17  signed the Franchise Agreement.  (*See* Ex. H at 7.)  This summary judgment Order is a

18  final decision on the merits.  *See Sawyer v. Resolution Trust Corp.*, 81 F.3d 170, 1996 WL

19  144223, at *1-*2 (9th Cir. 1996) (table case.)

20         Finally, privity is not in question here, as the parties to the California action and to

21  the Colorado action are identical.  For these reasons, the requirements for res judicata

22  preclusion are met, and Plaintiffs are, thus, barred from bringing their § 17000 claim.

23

24

25

26

27

28

---

[4] As noted above, neither the act of selling product of different prices nor selling different products to different customers is an enumerated unfair business practice under § 17000.

**B.     The Business and Professions Code Section 17200 Claim Should Be Dismissed Because Plaintiffs Lack Standing to Bring a Damages Claim, Because the Claim Is Barred by Res Judicata and Fed. R. Civ. P. 13, Because Several Claims Fail as a Matter of Law, and Because Portions of the Claim Are Insufficiently Pled.**

Plaintiffs also assert a claim under California Business and Professions Code section 17200 *et seq.*, sometimes called the Unfair Competition Law, or UCL. The UCL prohibits various forms of unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" and any act prohibited under § 17500 *et seq.* Cal. Bus. & Prof. Code § 17200. In asserting this claim, Plaintiffs misapply this statute, as it was enacted to encourage competition and to protect end-consumers – not to protect business-owners from the consequences of their own business decisions.[5]

**1.     Plaintiffs Lack Standing to Bring a Claim for Damages, Penalties, or Disgorgement.**

On their §17200 claim, Plaintiffs request an Order that RMCF disgorge certain amounts and be subjected to monetary penalties. Plaintiffs lack standing, however, to request such relief, as individuals and business are limited to the remedy of injunctive relief under § 17200. *See* Cal. Bus. & Prof. Code §§ 17203, 17204; *Little Oil Co. v. Atl. Richfield Co.*, 852 F.2d 441, 445 (9th Cir. 1988) (applying California law) (explaining that private relief under § 17200 is limited to the filing of actions for an injunction, while civil penalties are recoverable only by specified public officers); *Meta-Film Assocs., Inc. v.*

---

[5] Of particular relevance to this case, the Legislature, in tightening the standing requirements for unfair competition claims, expressed its concern that "unfair competition laws are being misused by some private attorneys who [f]ile frivolous lawsuits as a means of generating attorney's fees without creating a corresponding public benefit" and explained that "[f]rivolous unfair competition lawsuits clog our courts and cost taxpayers, . . . cost California jobs and economic prosperity, threatening the survival of small businesses and forcing businesses to raise their prices or to lay off employees to pay lawsuit settlement costs or to relocate to states that do not permit such lawsuits." *See* Prop. 64, § 1, subd. (c), "Findings and Declarations of Purpose," set out in Historical Notes annotation to Cal. Bus. & Prof. Code § 17203 (West). The instant action is a prime example of such a frivolous lawsuit.

1    *MCA, Inc.*, 586 F. Supp. 1346, 1363 (C.D. Cal. 1984) (same).  Lack of standing is a

2    sufficient ground to grant dismissal under Federal Rule of Civil Procedure 12(b)(6).  *See,*

3    *e.g., Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 771 (9th Cir. 2006) (where

4    plaintiff lacks standing, a motion to dismiss for failure to state a claim under Rule 12(b)(6)

5    is proper).  Accordingly, Plaintiffs' claims for monetary damages, penalties, or

6    disgorgement should be dismissed for lack of standing.

7              **2.    The Claim is Barred by the Doctrine of Res Judicata and Fed. R. Civ.**

8                   **P. 13.**

9              Furthermore, most of Plaintiffs' claims under the Unfair Competition Act are

10    barred under res judicata, and, as to some allegations, by Federal Rule of Civil Procedure

11    13.  The following analysis, applying the res judicata standards outlined in the previous

12    section, as well as the standards applicable to Rule 13, addresses each set of allegations

13    under Plaintiffs' § 17200 claim in turn to the extent Plaintiffs plead sufficient facts to

14    provide notice of the basis of the claim:

15    •    *Allegedly selling product to non-franchisee retailers as alleged in ¶¶ 53(a)-(c), (i)*

16         *and (l)*

17              The legal issues raised in ¶¶ 53(a)-(c), (i) and (l) all hinge on the factual allegation

18    that RMCF sold products to non-franchisee retailers, without disclosing these sales to

19    Plaintiffs.  As discussed above, Plaintiffs based several of their counterclaims in the

20    Colorado action on precisely the same factual allegations and lost when the Court granted

21    RMCF's motion for summary judgment as to them.  As a result, Plaintiffs previously

22    brought or could have brought the claims they assert now, and res judicata bars them from

23    attempting to raise these issues again under a different theory of recovery.  The claim is

24    further refuted by the documents on which Plaintiffs rely, and the claim must fail for this

25    reason as well.

26    •    *Alleged price-gouging on costs and freight of RMCF products as alleged in ¶ 53(d)*

27              As a preliminary matter, this claim fails as a matter of law because California law

28    provides no support for a theory that setting a price for product and shipping is actionable

under § 17200.  Even if such a claim did exist, Plaintiffs would be barred by res judicata from asserting it now.  Plaintiffs' claim that RMCF overcharged franchisees for the products (and for shipping of the product) which franchisees are required to buy from it is factually based on the requirement that RMCF requires franchisees to purchase and stock their stores with RMCF-made candy.  This requirement also formed the transactional nucleus of fact underlying Plaintiffs' Fifth Counterclaim in the Colorado action, on which the Court granted summary judgment to RMCF.  There, Plaintiffs alleged that the Franchise Agreement was unconscionable because RMCF required franchisees to devote display space to RMCF-produced candy, which franchisees had to buy from RMCF.  (*See* Exhibit E ¶¶ 45(b), 46.)  As Plaintiffs previously raised this requirement in support of their Fifth Counterclaim, and as Plaintiffs' current claim also arises from the same requirement, Plaintiffs could have brought their current claim – assuming there is such a claim – in the Colorado action.  Accordingly, res judicata now bars the claim.

- *Alleged enforcement of  the post-termination covenant not to compete in the Franchise Agreement as alleged in ¶ 53(g)*

The claim that RMCF is unfairly using Colorado law to enforce the noncompete covenant arises from the same transactional nucleus of fact – RMCF's efforts to enforce the noncompete covenant and the covenant's alleged unenforceability – from which Plaintiffs' Fifth Counterclaim (dismissed at summary judgment) in the Colorado action arose.  There, Plaintiffs argued that the covenant should not be enforced because it was unconscionable (Exhibit E ¶¶ 45(e), 46.).  Here, Plaintiffs argue that the covenant should not be enforced because it is invalid under California law.  As Plaintiffs previously argued the same set of factual allegations regarding unenforceability, and lost on that claim, Plaintiffs are precluded from raising the same issue again under a different legal theory.

Moreover, any claim relating to the enforcement of the non-compete covenant would be a compulsory counterclaim that Plaintiffs had to assert under Federal Rule of Civil Procedure 13.  A compulsory counterclaim is any claim that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and is

1   available when the opposing claim is made.  Fed. R. Civ. P. 13.  The term "transaction"

2   may mean a "series of many occurrences, depending not so much upon the immediateness

3   of their connection as upon their logical relationship," and must be construed generously

4   to avoid the unnecessary expense of a multiplicity of litigation.  *See, e.g.*, *Baker*, 94 S. Ct.

5   at 2506 n.1.  The failure to plead a compulsory counterclaim results in waiver of the

6   claim.  *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).  RMCF

7   sought to enforce the covenant not to compete in the Colorado action (*see* Ex. B) and,

8   therefore, any challenge to it arises from the same transaction and occurrence and had to

9   be asserted in that action.

10  • *Allegedly seeking a forced sale of the franchise location as alleged in ¶ 53(k)*

11         Plaintiffs have alleged that RMCF's attempt to exercise its right to purchase the

12  assets of the store upon termination, under the terms specifically agreed in the Franchise

13  Agreement, constitutes an unfair business practice.  This claim arises from the same

14  nucleus of fact – i.e. RMCF's efforts to buy the assets of the store at the franchise location

15  – which also gave rise to RMCF's Fifth Counterclaim in the Colorado action (on which

16  the Court granted RMCF summary judgment).  There, Plaintiffs based their claim that the

17  Franchise Agreement was unenforceable in part on the fact that the Franchise Agreement

18  provided the right to RMCF to purchase the assets and thereby preserve a location as a

19  RMCF store under specifically agreed terms.  (*See* Exhibit E ¶¶ 44, 45(a) and (b), 46.)  As

20  Plaintiffs previously based a claim (now adjudicated on the merits) on this provision of

21  the Franchise Agreement, they could also have raised their claim that RMCF's efforts to

22  enforce this provision constituted an unfair business practice.  As a result, res judicata

23  now bars that claim.

24         Moreover, Plaintiffs were required to raise this claim as a compulsory counterclaim

25  under Fed. R. Civ. P. 13 in the Colorado action, and are barred from raising it now for this

26  reason as well.  RMCF both sought to enforce this provision and alleged in its Breach of

27  Contract claim in the Colorado action that Plaintiffs' refusal to honor it constituted a

28  breach of contract.  (Ex. B Cmplt. ¶¶ 78-79.)  The factual occurrence underlying Plaintiffs'

1  current claim in this action – RMCF's demand that Plaintiffs comply with the provision

2  and sell RMCF the store assets – involves the same occurrence underlying RMCF's

3  Colorado claim for breach of contract.  As a result, because the two claims have sufficient

4  "overlapping of the events of the factual background to put the whole together as a

5  transaction," they are logically connected, and Plaintiffs should have asserted their claim

6  as a compulsory counterclaim in the Colorado action.  *See Albright v. Gates*, 362 F.2d

7  928, 929 (9th Cir. 1966).  Because Plaintiffs failed to do so, the claim is waived and

8  Plaintiffs cannot now assert it.  *See Union Paving Company*, 276 F.2d at 470.

9  • *Seeking lost future royalties as alleged in ¶ 53(k)*

10  Fed. R. Civ. P. 13 bars the claim set forth in ¶ 53(k), as the claim arises from the

11  same occurrence that is the subject matter of RMCF's breach of contract claim pending in

12  the Colorado action.  There, RMCF has asserted a claim for the present value of lost

13  future royalties based on Plaintiffs' breach of the Franchise Agreement.  (Ex. B ¶ 80.)

14  Here, the occurrence giving rise to Plaintiffs' claim is precisely the claim by RMCF that it

15  is entitled to lost royalties and RMCF's lawsuit for payment of these royalties.  As a result,

16  Plaintiffs' claim should have been brought as a compulsory counterclaim to Plaintiffs'

17  breach of contract claim in the Colorado action.  Plaintiffs' failure to bring the compulsory

18  counterclaim in the Colorado action bars Plaintiffs from asserting the claim in this action.

19  *See Union Paving Co.*, 276 F.2d at 470.

20  • *Charging and collecting royalty payments as alleged in ¶ 53(m)*

21  This claim is also barred under Federal Rule of Civil Procedure 13, as it arises out

22  of the transaction or occurrence that is the subject matter of RMCF's breach of contract

23  claim in the Colorado action.  RMCF alleged in its claim that Plaintiffs failed to pay

24  RMCF all the royalties it owed to RMCF and is seeking recovery of the same.  (Ex. B ¶

25  74.)  RMCF's demand that Plaintiffs pay it royalties constitutes the factual underpinning

26  both of RMCF's breach of contract claim and of the claim Plaintiffs now asserts — that

27  collecting royalty payments from franchisees constitutes actionable conduct.  As a result,

28  the two claims are logically connected, and Plaintiffs should have brought the claim as a

1    compulsory counterclaim.  Because they did not do so, the claim is now waived.  *See*

2    *Union Paving Co.*, 276 F.2d 46 at 470.

3    • *Charging and collecting marketing fees as alleged in ¶ 53(n)*

4        Plaintiffs' allegation that RMCF is engaging in actionable behavior by collecting

5    marketing fees allegedly without using them for the franchisees' benefit arises from the

6    same nucleus of fact underlying Plaintiffs' Fifth Counterclaim in the Colorado action,

7    which was dismissed on the merits.  There, Plaintiffs alleged as one basis for their claim

8    that the Franchise Agreement was unconscionable that the Agreement required

9    franchisees to pay marketing fees which they alleged were not used for their benefit.  (Ex.

10    E ¶¶ 45(c), 46.)  Because Plaintiffs could have raised their current claim in the Colorado

11    action on the basis of the allegations pled there, res judicata bars this claim.

12        **3.    Several of Plaintiffs' Claims Fail as a Matter of Law.**

13        Plaintiffs allege 14 separate actions and business practices which they contend

14    constitute unfair practices under § 17200.  Most of these claims fail as a matter of law

15    because Plaintiffs fail to allege that the public could be deceived by the alleged actions,

16    which is an essential element of a claim under § 17200.  *See, e.g.*, *Acree v. General*

17    *Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 396 (2001) (referencing its prior reversal

18    of trial court's finding of an unfair business practice because an unfair business practice

19    claim under section 17200 requires a finding that the public is likely to be deceived);

20    *Baymiller v. Guarantee Mut. Life Co.*, No. SA CV99-1566DOC(ANX), 2000 WL

21    33774562, at *5 (C.D. Cal. Aug. 3, 2000) (dismissing section 17200 and 17500 claims

22    because "members of the public are not likely deceived by a contract that explicitly lays

23    out the terms and charging schedule").  In addition, several of these claims fail as a matter

24    of law for the following reasons as well.

25    • *Allegedly selling product to non-franchisee retailers as alleged in ¶¶ 53(a)-(c), (i)*

26    *and (l)*

27        As explained above, RMCF's UFOC disclosed to Plaintiffs that RMCF had the right

28    to distribute its products to non-franchisee retailers, and Plaintiffs specifically

acknowledged this fact in writing before entering into the Franchise Agreement. (*See* Exhibit I.). In signing the UFOC's Closing Acknowledgement, Plaintiffs indicated that they understood RMCF's practice of selling to non-franchisee retailers. (*See id.)* Similarly, in signing the Franchise Agreement, Plaintiffs expressly agreed to this practice as one of the terms of the parties' business relationship. (*See* Ex. A.) Thus, Plaintiffs cannot now avail themselves of § 17200 to challenge RMCF's sales through alternative distribution channels by claiming that they did not know of the sales and now consider them unfair business practices. *See Samura v. Kaiser Found. Health Plan, Inc.,* 17 Cal. App. 4th 1284, 1299 n.6 (1993) (explaining that Section 17200 "does not give the courts a general license to review the fairness of contracts but rather has been used to enjoin deceptive or sharp practices.").

- *Alleged Enforcement Of The Post-Termination Covenant Not To Compete In The Franchise Agreement As Alleged In ¶ 53(g)*

   In addition to the fact, as noted above, that Plaintiffs are precluded from reasserting this claim, the claim fails as a matter of law for other reasons, as well. First, Plaintiffs are barred from claiming that RMCF's efforts to enforce the non-compete covenant constitute unlawful or unfair business practices because they previously stipulated as part of a settlement to be bound by the non-compete covenant. (*See* Exs. F and G.) Because Plaintiffs agreed, in return for eliminating the claim against them, to be bound by the non-compete covenant, they are barred from challenging it and bringing the claim they allege in ¶ 53(g). *See, e.g., Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 50 Cal. 3d 658, 664-65 (1990) (stipulated judgment operates to estop party from relitigating subject of stipulation).

   Second, as a matter of law, efforts to enforce a noncompete covenant do not constitute actionable conduct, because covenants not to compete are not *per se* unenforceable under California law. California courts recognize a judicially created exception to section 16600 and will enforce a restrictive covenant to protect trade secrets. *See Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1043 (N.D. Cal. 1990); *Liberty*

1  *Mut. Ins. Co. v. Arthur J. Gallagher & Co.*, No. C94-3384 MHP, 1994 WL 715613, at *2

2  (N.D. Cal. Dec. 19, 1994) (unreported decision) (courts will enforce covenant restraining

3  competition when the subsequent competition constitutes unfair competition, such as the

4  unauthorized use of trade secrets or confidential information).  Here, as the Colorado

5  Court found in granting RMCF's Motion for Preliminary Injunction, "the purpose of the

6  covenant not to compete is the protection of trade secrets." (Ex. C, at 7.)  As a result, the

7  non-compete covenant is enforceable under California law, and RMCF's efforts to enforce

8  it cannot give rise to a claim under § 17200.

9  •  *Withholding or misrepresenting financial information on store profits as alleged in ¶*

10  *53(j)*

11         Plaintiffs' claim on this allegation fails as a matter of law.  While Plaintiffs do not

12  identify the specific information which RMCF allegedly failed to disclose, it appears

13  Plaintiffs' allegations in ¶ 53(j) relate to the provision of certain financial information and

14  data in Item 19 of RMCF's UFOC.  (*See* Ex. I.)  There, RMCF listed the gross sales of the

15  top 75% of franchise stores open for twelve months during the previous fiscal year, but

16  did not provide cost or expense information.  (*Id.*)  The allegation that RMCF made a

17  misrepresentation when it provided gross sales without cost and expense information is

18  totally without merit, as the UFOC specifically and clearly informed the prospect, in

19  capital letters, that the data provided represented only <u>gross</u> sales, and did "not reflect the

20  costs of sales or operating expenses that must be deducted from the gross revenue or gross

21  sales figures to obtain [ ] net income or profit." (*Id.* at 25.)  In the face of this clear and

22  undisputed language, the non-provision of cost and expense information cannot be a

23  misrepresentation, much less an unfair business practice.

24         In addition, Plaintiffs cannot, as a matter of law, make out a claim that RMCF

25  unfairly or fraudulently withheld any financial information that it was required to provide.

26  California regulations regarding the disclosure of franchisee earnings information

27  expressly state that franchisors are permitted to list only gross sales, without costs or

28  operating expenses, under Item 19 of the UFOC, as long as the UFOC makes clear – as

1    RMCF's did – that it includes only gross sales information.  Cal. Admin. Code tit. 10, §

2    310.114.1(c)(6).  As a result, RMCF complied with California law relating to disclosures

3    of financial information to franchisees, and Plaintiffs cannot claim that RMCF withheld

4    information which it was required to disclose.  *See, e.g., Red Roof Inns, Inc. v. Murat*

5    *Holdings, L.L.C.*, 223 S.W.3d 676, 690 (Tex. App. 2007) (where franchisor complied with

6    law and did not have additional duty to disclose certain information under applicable

7    regulations, failure to disclose such information was not fraud).

8            **4.    Several Elements of Plaintiffs' § 17200 Claim Fail Because They Are**

9                  **Insufficiently Pled.**

10          Finally, several elements of Plaintiffs' § 17200 claim also fail because they do not

11    meet the notice pleading standard of Fed. R. Civ. P. 8(a).  While Rule 8(a) does not

12    require a plaintiff to set out in detail all facts on which he relies, the Rule does require a

13    degree of specificity "that will give the defendant fair notice of what the plaintiff's claim is

14    and the grounds upon which it rests." *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.

15    2001).  A plaintiff's obligation to provide the grounds of his alleged entitlement to relief

16    "requires more than labels and conclusions, and a formulaic recitation of the elements of a

17    cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65.  Because Rule 8(a)(2)

18    requires a "showing," rather than a blanket assertion, of entitlement to relief, a claimant

19    who does not provide adequate factual allegations in the complaint does not satisfy the

20    requirement of providing fair notice of the nature of the claim and the grounds on which

21    the claim rests. *See id.* at 1965, n.3.

22          Here, several of Plaintiffs' claims are so devoid of factual allegations that RMCF

23    cannot divine the grounds on which the claims rest.  For this reason, these claims do not

24    meet the pleading standards of Rule 8(a) and should be dismissed.

25    •    *Using RMCF franchisees to diminish RMCF's expenses for its employees and*

26        *manufacturing prices as alleged in ¶ 53(h)*

27          In Paragraph 53(h) of the Complaint, Plaintiffs allege that a basis for the UCL

28    claim is that RMCF "unfairly us[es] independently owned and operated RMCF

1  franchisees to diminish RMCF's expenses for its employees and manufacturing practices."

2  This claim asserts a legal conclusion, but provides no factual allegations at all to explain

3  in what way RMCF is allegedly "using" RMCF franchisees, or how RMCF could

4  conceivably "use" its franchisees to reduce employee expenses and manufacturing prices

5  or how its business could constitute unfair competition in this regard.  Paragraph 53(h)

6  does not give RMCF any notice as to what Plaintiffs' claim is, and on what allegedly

7  unfair or illegal conduct the claim rests.  As a result, the claim alleged in ¶ 53(h) does not,

8  by any stretch of the imagination, meet the pleading standards of Rule 8(a).  *See Lee*, 250

9  F.3d at 679.  For this reason, it should be dismissed.

10  •  *Preventing communication and organization of failing RMCF franchises as alleged in*

11      *¶ 53(e)*

12       The claim set forth in ¶ 53(e) also lacks a sufficient factual basis to give RMCF

13  notice of the nature or grounds of the claim.  Plaintiffs merely make conclusory

14  allegations that RMCF is "[i]nterfering, disparaging, defaming and otherwise trying to

15  prevent the communication and organization of failing RMCF franchisees."  (Cmplt. ¶

16  53(e).)  As a preliminary matter, Plaintiffs do not allege that "failing RMCF franchisees"

17  have any entitlement to unfettered "communication and organization."  (*See id.*)  Thus,

18  even assuming the allegations of interference were true, there is no reason why

19  interference would even be wrongful.  Plaintiffs also fail to plead any facts at all regarding

20  the nature of the conduct they label as "interfering," "disparaging" and "defaming," nor do

21  they provide any facts to show in what way RMCF is "prevent[ing] the communication

22  and organization of failing RMCF franchisees."  Because Plaintiffs' obligation to plead

23  facts sufficient to support their claim "requires more than labels and conclusions," *see*

24  *Twombly*, 127 S. Ct. at 1964-65, the bare-bones allegations in ¶ 53(e), without more, do

25  not meet the pleading standard of Fed. R. Civ. P. 8.  As a result, the claim fails and should

26  be dismissed.[6]

27  _____

       [6] To the extent Plaintiffs base this claim on allegedly defamatory statements, the claim
28  fails because Plaintiffs' allegations do not meet the heightened pleading standard for defamation
       claims.  To state a defamation claim, a plaintiff must, at a minimum, identify the time and place

- *Employing franchise contracts of adhesion as alleged in ¶ 53(f)*

Plaintiffs have not sufficiently pled facts in ¶ 53(f) to state a claim for relief.  As an initial matter, Plaintiffs assert in conclusory fashion that RMCF's franchise agreements are contracts of adhesion, but provide no facts to support this contention.  For this reason alone, the claim fails.  *See Twombly*, 127 S. Ct. at 1964-65 (merely stating conclusions and applying labels are insufficient to put forth valid claim for entitlement to relief).  Moreover, under California law, contracts of adhesion are not by definition unenforceable, unfair, or illegal.  *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001); *Stockton Metropolitan Transit Dist. v. Amalgamated Transit Union*, 132 Cal.App.3d 203, 214 (1982).  Thus, simply alleging that a contract is one of adhesion does not, without more, show an entitlement to relief.

Finally, Plaintiffs fail to make any showing which would give RMCF notice of how the alleged adhesion contracts (a) "facilitate [a] long-term scheme, conspiracy and pattern of . . . misconduct" or (b) are detrimental to Plaintiffs such that they could constitute an unfair business practice.  Such a showing is required to state a claim for relief.  *See Twombly*, 127 S. Ct. at 1964-65; *Lee*, 250 F.3d at 679.  Plaintiffs' claim lacks any factual allegations to support such a showing and, as a result, the claim fails.

## C.    Plaintiffs Fail to State a Claim for Relief Under § 17500.

Although Plaintiffs purport to state a claim under Cal. Bus. & Prof. Code § 17500, § 17500 has no application to this case.  The prohibitions of § 17500 apply only to advertising statements made or disseminated to the public.  *Id.*  The allegedly actionable statements and actions set forth in the Complaint, however do not constitute advertising statements or information disseminated to the public, and Plaintiffs do not even allege that they do.  As a result, Plaintiffs cannot state a cause of action under § 17500, and their claim in ¶ 52 of the Complaint that RMCF's alleged actions constitute fraudulent trade

---

of publication as well as the speaker, the recipient of the statement, and the substance of the statements.  *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04CV2562 JM(CAB), 2006 WL 4569360, at *3 (S.D. Cal. Feb. 6, 2006).  As Plaintiffs do not set forth any of these facts, their defamation claim fails.

1   practices under § 17500 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2                          **IV.    CONCLUSION**

3          Plaintiffs' first cause of action misapplies California law and fails to state a claim

4   upon which relief can be granted.  In addition, both Plaintiffs' first and second causes of

5   action are barred by res judicata principles and Fed. R. Civ. P. 13.  Several claims in

6   Plaintiffs' second cause of action also fail as a matter of law or because they are

7   insufficiently pled.  Finally, Plaintiffs do not have standing to bring a claim for monetary

8   damages, as they purport to do.  Accordingly, RMCF respectfully requests that the Court

9   grant its motion and dismiss the Complaint with prejudice.

10

11                                          **PERKINS COIE LLP**

12  DATED:  June 24, 2008

13                                          By:  *s/Steven C. Gonzalez* _____

14                                          Attorneys for Defendant
                                            Rocky Mountain Chocolate Factory, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTENTIONALLY LEFT BLANK

INTENTIONALLY LEFT BLANK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28