1  LYNN & FORTUNE, LLP
       Robert H. Lynn (SBN 054016)
2      Rebecca J. Fortune (SBN 229921)
   2171 India Street, Suite C
3  San Diego, California 92101
   Phone: (619) 233 - 9464
4  Fax:    (619) 702 - 6911

5
   Attorneys for Plaintiffs SDMS, INC.,
6  THOMAS P. ANDERSON and KEN PECUS

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  SDMS, INC., THOMAS P. ANDERSON, and   )  Case No.: 08cv00833 JM (AJB)
    KEN PECUS,                            )
12                                        )
                   Plaintiffs,            )  PLAINTIFFS' OPPOSITION TO ROCKY
13                                        )  MOUNTAIN CHOCOLATE FACTORIES
            vs.                           )  MOTION TO DISMISS
14                                        )
    ROCKY MOUNTAIN CHOCOLATE FACTORY )      Hearing Date:   August 1, 2008
15  INC.,                                 )  Hearing Time:  1:30 p.m.
                                          )  Courtroom:      16
16                 Defendant.             )  Judge:          Hon. Jeffrey T. Miller
                                          )
17                                        )  Action Filed:   May 7, 2008
                                          )
18  _____)

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

# TABLE OF CONTENTS

I.    INTRODUCTION ...............................................................................................1

II.   STATEMENT OF FACTS ……..........................................................................1

III.  ARGUMENT ......................................................................................................3

    A.   Plaintiffs' Claim under Section 17000 of the California Business and
       Professions Code Is Properly Pled Under Rule (8)(2) of the Federal
       Rules of Civil Procedure and is Not Barred by Res Judicata ...............................3

        1.   Plaintiffs' Claim under Section 17000 of the California Business and
           Professions Code Is Properly Pled ……………………………………..4

        2.   Defendant Fails to Establish a Bar Under the Doctrine of Res Judicata ..........8

    B.   Plaintiffs' Claim under Section 17000 of the California Business and
       Professions Code Is Properly Pled And Should Not Be Dismissed ......................9

        1.   Plaintiffs Have Standing to Bring a Claim for Restitution ...........................9

        2.   Defendant Fails to Establish a Bar Under the Doctrine of Res Judicata ..........10

        3.   The Claim is Not A Compulsory-Counterclaim Under
           Rule 13 of the Federal Rules of Civil Procedure ……………………………16

        4.   Plaintiffs' Claims Are Not Barred ……………………………………..17

        5.   Plaintiffs' Claim under California Business and Professions
           Code Section 17200 Are Properly Pled Under Rule 8(a)(2)
           of the Federal Rules of Civil Procedure

    C.   Plaintiffs' Claim for Relief Under Section 17500 of the California
       Business and Professions Code Is Proper and Should Not be Dismissed ..................18

IV.   CONCLUSION ……………………………………..…………………………19

1

**TABLE OF AUTHORITIES**

2

**United States Supreme Court Cases**

3

*Bell Atlantic Corporation. v. William Twombly*, 127 US 1955 (2007)  ……..………………………4, 17

4

**Ninth Circuit Cases**

5

*Frank v. United Airlines, Inc.* 216 F.3d 845 (9th Cir. 2000)  …………………………………..8

6

*Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 109 (9th Cir. 2008)  ……..……………...3

7

Pinkstaff et al. v. United States of America, 974 F.2d 113 (9th Cir. 1992) ……………………………..10

8

*Procare Laboratories, Inc. v. Gull Laboratories, Inc.*,
    1995 U.S. App. LEXIS 5192 (9th Cir. 1995) ……………………………………………………10

9

10

*Stratosphere Litig., LLC v. Grand Casinos, Inc.* (9th Cir. 2002)  …………………………………...8

11

**California District Court Cases**

12

*Baymiller v. Guarantee Mut. Life Co.,* 2000 U.S. Dist. LEXIS 22002 (C.D. Cal. Aug. 3, 2000) ………16

13

*Magna Pictures Corporation v. Paramount Pictures Corporation*,
    265 F. Supp. 144, 152 (D.C. Cal. 1967)  ……………………………………………………...10

14

15

*Meta-Film Assosiations, Inc. v. MCA, Inc.*, 586 F. Supp. 1346 (C.D. Cal. 1984)  ………………13,17,18

16

**California State Court Cases**

17

*Nygard, Inc. v Uusi-Kerttula,* (2008) 159 Cal.App.4th 1027 …………………………………………6

18

*Scally v. Pacific Gas & Electric Co.,* (1972) 23 Cal.App.3d 806  ……………………………………6

19

**Colorado Cases**

20

*Arch Mineral Corporation v. Lujan*, 911 F.2d 408 (10th Cir. 1990) …………………………………10

21

**Federal Statutes**

22

Federal Rules of Civil Procedure Rule 52(b) …………………………………………………8

23

**California Statutes**

24

California Business & Professions Code Section 17200 …………………………………………..9,10

25

California Business & Professions Code Section 17030 ……………………………………………5

26

California Business & Professions Code Section 17044  ……………………………………………..5

27

California Business & Professions Code Section 17045  ……………………………………………5

28

California Corporations Code Section 31220 ………………………………………………...18

# I.

# INTRODUCTION

By this action, Plaintiffs merely seek the protection of California law both, as California residents and, as franchisees of a foreign corporation who voluntarily registered to do business in this state.  As will be explained at in detail below, the claims raised herein are based upon facts and circumstances completely unknown to Plaintiffs until the spring and summer of 2007.  To Plaintiffs' extraordinary dismay, only after $400,000 in operating losses and nearly a year spent in litigation did they finally uncover the true cause of their failure as Rocky Mountain Chocolate Factory franchisees: Defendant, Rocky Mountain Chocolate Factory, Inc.

While, at first glance, this case may seem closely connected with the United States District Court for the District of Colorado Case No. 06cv01212 ("Colorado Action"), Plaintiffs are confident that, after reviewing this Opposition, the Court will have little difficulty denying Defendant's current motion in all regards.

# II.

# STATEMENT OF FACTS

Tom Anderson, Ken Pecus and SDMS, Inc. (hereinafter, collectively "SDMS") are California residents and former Rocky Mountain Chocolate Factory franchises. (First Amended Complaint, paragraphs 1 and 23; Doc. No. 3)[1].  After completing substantial due diligence, SDMS purchased a Rocky Mountain Chocolate Factory franchise location to be operated in the Gaslamp District of San Diego County.  They operated their franchise at a loss for just over two years before coming to the difficult determination that they simply could not make ends meet in the Rocky Mountain Chocolate Factory franchise system.  (Cmplt., ¶¶23-27).  Without understanding the "why" of their store's failure, in or about May 2006, Tom Anderson and Ken Pecus simply sought to terminate their relationship with the franchisor and go their separate ways. (Cmplt., ¶27).  Unfortunately, despite two years worth of debilitating financial loss, Defendant, Rocky Mountain Chocolate Factory, Inc. ("RMCF") filed an action in Colorado state court seeking an order requiring Plaintiffs to remain open, regardless of the financial harm it caused.  (Cmplt., ¶33).  After lengthy and unsuccessful settlement negotiations lasting

---

[1] Future references to the First Amended Complaint will be listed as "Cmplt." with paragraph (¶) numbers where appropriate.

1  from May 2006 through September 2006, RMCF's state court complaint was removed to the District of

2  Colorado and an amended complaint was filed.

3      RMCF's (federal) First Amended Complaint, filed on October 20, 206, alleged five causes of

4  action: (1)  Trademark Infringement – Lanham Act; (2) Unfair Competition – Lanham Act; (3) Breach

5  of Contract; (4) Violation of Colorado Trade Secrets Act; and (5) Declaratory Judgment.   All but one of

6  these claims relate, wholly, to Plaintiffs' alleged misuse of RMCF trademarks and/or trade secrets.

7  (RMCF Motion, Exhibit "B"; Doc. No. 7-5).  Further, RMCF's only claim on contract related

8  specifically to Plaintiffs' alleged failure to pay royalties and abide by post-termination provisions

9  between May and October 2006.  (RMCF Motion, Exhibit "B," pages 84-85; Doc. No. 7-5).  Plaintiffs

10  filed their Answer and Counterclaims on November 7, 2006. (Cmplt., ¶34).

11      In the current action, Plaintiffs bring two claims under the California Business and Professions

12  Code unfair trade laws.  (Cal. Bus. & Prof. Code §§17000 and 17200).  These claims are brought for a

13  number of reasons, namely:

14      1.  As a result of Plaintiffs' discovery that RMCF actively promoted, marketed and sold its

15  product outside the franchise system, to discount retail locations, at lesser per unit costs, than the same

16  or similar items were sold to RMCF franchisees.   While the RMCF franchise agreement and the RMCF

17  UFOC states only, in relevant part,

18
19  > The Franchisee acknowledges that the franchise granted hereunder is non-
20  > exclusive and that the Franchisor retains the rights, among other: … (2) to
21  > use the Marks and Licensed Methods to identify services and products,
22  > promotional and marketing efforts or related items, and to identify products
23  > and services similar to those which the Franchisee will sell, but made
24  > available through alternative channels of distribution other than through
25  > traditional ROCKY MOUNTAIN CHOCOLATE FACTORY Stores, at any
26  > location other than at the Franchised Location, including but not limited to,
27  > through Satellite Stores, Temporary Stores, Kiosk Stores, by way of mail
28  > order, (including electronic mail order), the Internet, catalog, television,
   > retail store display or through the wholesale of its products to unrelated retail
   > outlets or to candy distributors or outlets located in stadiums, arenas,
   > airports, turnpike rest stops or supermarkets …

No where and never did RMCF disclose the fact that it sought to fully maximize its direct market,

creating enumerable additional competitors for the franchisee.  (Gaslamp Franchise Agreement, Exhibit

1    A to RMCF's Motion, ¶ 3.3 (Doc. No. 7-3); RMCF UFOC, Exhibit I to RMCF's Motion, page 197, Item

2    12 (Doc. No. 14-7))

3         Additionally, when Rocky Mountain Chocolate Factory franchisees began communicating with

4    each other, questioning and/or criticizing RMCF's business practices, in absolute violation of California

5    Corporate Code section 31220, RMCF took affirmative action to interfere with, or flat out prohibit, the

6    franchisees' communications.  (Cmplt., ¶53(e)).

7         Further, in the event RMCF's trade practices drive its franchises to the brink of financial ruin, the

8    RMCF franchise agreement provides absolutely no termination rights to the franchisee.  This is so

9    regardless of the franchisee's financial distress, inability to purchase product and meet display

10   requirements, maintain adequate and fresh inventory, pay vendors, employees, lessors, etc.  In fact,

11   under the RMCF franchise agreement, each one of these failures place the franchisee in breach of the

12   agreement and provides RMCF with the right to terminate the agreement, seek a forced sale of all assets

13   and, demand payment of liquidated damages in the form of lost future royalties for the unexpired

14   franchise term.  (Cmplt., ¶19).  For these reasons, and all others alleged in the First Amended Complaint

15   and in this Opposition, the RMCF franchise agreement is unconscionable on its face.

### III.

### ARGUMENT

     For the convenience of the Court and counsel, the following legal analysis will track that of

RMCF's Motion to the greatest extent possible.

**STANDARD OF REVIEW**

     Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, complaints brought in federal court

are to meet the relatively low threshold of a "notice pleading" standard.  *Mendiondo v. Centinela*

*Hospital Medical Center*, 521 F.3d 109, 1100 (9th Cir. 2008). And, as acknowledged by Defendant at

page four of its moving papers, a complaint must only "contain either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some viable legal theory."

[emphasis added] *Bell Atlantic Corporation. v. William Twombly*, 127 US 1955, 1969 (2007)

("*Twombly*"). (RMCF Motion, 4:10-14). The *Twombly* Court further stated,

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply <u>calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement</u>. And, of course, <u>a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely</u>." [emphasis added] *Id.* at 1965.

Additionally, and notably absent from RMCF's Motion is the Ninth Circuit's position on the appropriateness of a motion to dismiss with regards to questions of fact, i.e. "It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("*Cook*"). (Plaintiffs' will address RMCF's under the theory of res judicata and Federal Rule of Civil Procedure Rule 13 in the succeeding paragraphs).

### A. Plaintiffs' Claim under Section 17000 of the California Business and Professions Code Is Properly Pled Under Rule (8)(2) of the Federal Rules of Civil Procedure and is Not Barred by Res Judicata.

#### 1. Plaintiffs' Claim under Section 17000 of the California Business and Professions Code Is Properly Pled

As appropriately alleged in RMCF's Motion, "granting some but not all purchasers purchasing on the same terms and conditions secret payments or allowances tending to destroy competition, and creating locality discriminations in price with the intent to destroy competition" is a violation of California Business and Professions Code Section 17000 <u>et seq</u>. (RMCF Motion, 5:12-15). With regards to RMCF's further contention that, "Plaintiffs do not allege that RMCF engaged in any of the acts which the Unfair Practices Act prohibits," Plaintiffs' respectfully invite the Court and Defendants' attention to the allegations within the First Amended Complaint related to RMCF's sale of products, some available and others unavailable within the franchise system, to discount retail outlets at a lesser per-unit cost than sold within the RMCF franchise system. (Cmplt., ¶¶13, 14, 46(a)-(c), 53(a)-(d)).

1    Under California's Unfair Trade Practices Act (Cal. Bus. & Prof. Code §17000 et seq.), it is

2    unlawful to: (a) sell any product at less than cost where the effect is to divert trade or injure competitors

3    (Cal. Bus. & Prof. Code §§17030, 17044) or (b) extend special services or privileges to certain

4    purchasers, not extended to all purchasers purchasing on like terms, to the injury of a competitor where

5    such conduct tends to destroy competition.  (Cal. Bus. & Prof. Code §17045).  As will be discussed

6    below, by secretly selling its products to retail customers in the same, or similar, marketplace at a lower

7    per unit cost, RMCF has violated the California's Unfair Trade Practices Act.

8    While SDMS admits that the franchise agreement did disclose RMCF's right to sell products via

9    "alternative channels of distribution," its disclosure included an actual list of potential outlets wherein

10    the products would be sold.  The list did not include wholesale warehouse customers like Costco and

11    discount on-line retailers like Amazon.com and Proflowers.com.  To the contrary, RMCF continues to

12    market itself as a purveyor of gourmet and premium products, with suggested retail prices at its

13    franchised stores nearing $19.00 per pound.

14    Nor did RMCF disclose the fact that it sold products via its "alternative channels of distribution"

15    that are completely unavailable to the RMCF franchisee and, which RMCF knew would be re-sold to the

16    end consumer at retail prices nearly half of what the same or similar product would cost at an authorized

17    franchised location. Additionally, neither the franchise agreement nor the UFOC disclose the fact that

18    products substantially similar to that provided to the franchisee would be sold to these discount retailers

19    at a lesser per unit cost than those sold within the franchise system.  Meaning, RMCF was making

20    products available to the end consumer that were either unavailable to the franchise system altogether

21    and/or cheaper than what was charged to the franchisee by RMCF, e.g. RMCF was knowingly under-

22    cutting its own franchisees in the marketplace. (Cmplt., ¶¶13, 14, 46(a)-(c), 53(a)-(d)).

23    Rather, the RMCF franchise agreement and the RMCF UFOC states only, in relevant part,

24    The Franchisee acknowledges that the franchise granted hereunder is non-

25    exclusive and that the Franchisor retains the rights, among other: … (2) to
     use the Marks and Licensed Methods to identify services and products,

26    promotional and marketing efforts or related items, and to identify products
     and services similar to those which the Franchisee will sell, but made

27    available through alternative channels of distribution other than through
     traditional ROCKY MOUNTAIN CHOCOLATE FACTORY Stores, at any

28

> location other than at the Franchised Location, including but not limited to, through Satellite Stores, Temporary Stores, Kiosk Stores, by way of mail order, (including electronic mail order), the Internet, catalog, television, retail store display or through the wholesale of its products to unrelated retail outlets or to candy distributors or outlets located in stadiums, arenas, airports, turnpike rest stops or supermarkets …

(Franchise Agreement, Exhibit A to RMCF's Motion, ¶ 3.3 (Doc. No. 7-3); RMCF UFOC, Exhibit I to RMCF's Motion, page 197, Item 12 (Doc. No. 7-14)).

In including a non-exhaustive list of potential outlets for the direct sale of RMCF's product and including such non-competitive and closed environments as airports, stadiums and arenas and then actively marketing its candies to discount retail outlets like Costco and Proflowers.com, Defendant intentionally sought to deceive the general public.   "The rule of construction which governs us is the doctrine of *ejusdem generis* (also known as Lord Tenterden's rule) which states that where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." *Scally v. Pacific Gas & Electric Co.,* (1972) 23 Cal.App.3d 806, 819. While *Scally* applied the doctrine of *ejusdem generis* to statutory interpretation,  the Court of Appeal further clarified the concept stating, "[the cited cases] apply *ejusdem generis* to statutes, but the principle applies equally to contracts. … Where general words follow the enumeration of particular kinds or classes of persons or things, the general words will, unless a contrary intent is manifested, be construed as applicable only to persons or things of the same general nature or class as those specifically enumerated']." [emphasis added.] *Nygard, Inc. v Uusi-Kerttula*, (2008) 159 Cal.App.4th 1027.

Had RMCF merely wanted to convey that its licensing agreement with the franchisee was non-exclusive, it could have simply done so. Instead, RMCF underwent the effort in drafting and citing a homogenous and innocuous list of restricted venues as examples of its "alternative channels of distribution" – a red herring to deceive potential franchisees. This list represented a set of outlets that posed almost no threat of competition to a franchisee, yet RMCF conveniently omitted ruinous third party buyers like Costco, which were allowed to purchase and sell factory candy at nearly half the price the same product is sold within the RMCF franchise system, thereby preventing the franchisee from a reasonable possibility of competition.

1    Acting with the aforementioned principles in mind, a reasonable franchisee would evaluate, prior

2    to investing a projected $400,000, whether an agreement with RMCF includes relatively exclusive resale

3    rights, or merely an obligation to resell, in a premium-rent location, a highly marked up product

4    commonly available in any Costco.  Consider: had RMCF provided no such list, it would have merely

5    stated that it "reserves the right to sell to third parties." A diligent potential franchisee would naturally

6    question this provision and would inquire whether other stores, indiscriminately, can likewise sell

7    factory candy, and if so, what benefit, if not relative exclusivity, does one receive in consideration of the

8    $19,500 franchise fee and ten percent quarterly of gross revenues in royalties.

9    Alternatively, had RMCF provided a truthful list, it may have stated that it "reserves the right to

10    sell factory candy to third party vendors including, but not limited to, local discount retailers, super

11    centers, discount chains, Costco, etc." The difference in perception is staggering. In the original

12    Franchise Agreement, RMCF deceitfully conveys an image of relative exclusivity. In a hypothetically

13    straightforward one, RMCF merely offers a mockery of sound business judgment at $19,500 plus

14    royalties and fees.

15    Under the current circumstances, the question is not whether RMCF retained the rights to sell its

16    product via "alternative channels of distribution," but rather, would a reasonable person have understood

17    those channels to include Costco and Amazon.com given the express list contained within the franchise

18    agreement identifying only "stadiums, arenas, airports, turnpike rest stops or supermarkets" as potential

19    locations for RMCF's direct sales.  (RMCF Motion, Exhibit A, ¶ 3.3 (Doc. No. 7-3); RMCF UFOC,

20    Exhibit I to RMCF's Motion, page 197, Item 12 (Doc. No. 7-14)).

21    For these reasons and, because the reasonableness of an individual's reliance is a question of

22    fact, Plaintiffs have satisfied the pleading requirements under Rules 8 of the Federal Rules of Civil

23    Procedure, the United States Supreme Court's standards under *Twombly* and, the substantive pleading

24    requirements under applicable California law.  Therefore, Plaintiff's first claim under California

25    Business and Professions Code Section 17000 et seq. should not be dismissed and Plaintiffs respectfully

26    request that the Court deny RMCF's Motion in this regard.

27    \\\

28    \\\

1

2.    **Defendant Fails to Establish a Bar Under the Doctrine of Res Judicata**

2      Claim preclusion, formerly known as res judicata, bars claims when there is (1) an identity of

3  claims, (2) a final judgment on the merits and, (3) privity between the parties. *Stratosphere Litig., LLC*

4  *v. Grand Casinos, Inc.* (9th Cir. 2002) ("*Stratosphere*"); 298 F.3d 1137, 1143, fn. 3; *Frank v. United*

5  *Airlines, Inc.* 216 F.3d 845, 850 (9th Cir. 2000).

6      Here, there has been no final judgment on the merits. The Order on Summary Judgment upon

7  which RMCF now relies was entered on November 30, 2007. (RMCF Motion, 4:5-6, Exhibit H). Trial is

8  currently set in the Colorado Action in November 2008. (RMCF Motion, 3:18-20).

9      Federal Rule of Civil Procedure, Rule 54(b) states:

10          When an action presents more than one claim for relief . . . , the court may direct
            entry of a final judgment as to one or more, but fewer than all, claims or parties
11          only if the court expressly determines that there is no just reason for delay.
            Otherwise, any order or other decision, however designated, that adjudicates
12          fewer than all of the claims or fewer than all of the rights and liabilities of fewer
            than all the parties **does not end the action as to any of the claims or parties** and
13          may be revised at any time before the entry of a judgment adjudicating all the
            claims and all the parties' rights and liabilities. [**emphasis added**].
14          Fed. Rules Civ. Proc., Rule 52(b), 28 U.S.C.

15

16      Because the Order on Summary Judgment in the Colorado Action adjudicated fewer than all of

17  the rights and liabilities of RMCF and SDMS and because it did not expressly state that it was final, the

18  decisions made therein can, therefore, be revisited and do not reflect a final judgment on the merits as is

19  required under *Stratosphere*[2].  (RMCF Motion, Exhibit H, page 157-173). Therefore, RMCF may not

20  rely on the November 30, 2007 Order to justify its motion to dismiss the complaint under Rule 12(b)(6).

21  As a result, in failing to prove all three required elements under *Stratosphere*, Defendant has failed to

22  establish a bar under the theory of claim preclusion and RMCF's current request must be denied.

23      In the event this Court comes to the ultimate determination that the November 30, 2007 Order

24  was a final judgment on the merits, Plaintiffs respectfully invite the Court's attention to the remaining

25

26  _____

27  [2] RMCF cites to language within the Ninth Circuit case *Sawyer v. Resolution Trust Corporation* for its contention that a
    decision on summary judgment is a "final decision on the merits".  While it is difficult to tell from the abbreviated nature of
    this unpublished opinion, it appears as though the underlying state court action was resolved, in its entirety, on summary
28  judgment.  Therefore, unlike in this case, no claims went forward to trial. 81 F.3d 170, 1996 WL 144223, at *1-*2 (9th Cir.
    1996)  (RMCF Motion, 9:17-19).

arguments contained herein to show that the current claims presented are, by no means, identical to those alleged in the Colorado Action.

**B.    Plaintiffs' Claim under Section 17000 of the California Business and Professions Code Is Properly Pled and Should Not Be Dismissed**

**1.    Plaintiffs Have Standing to Bring a Claim for Restitution**

While, RMCF's Motion claims that, "Plaintiffs lack standing to request such relief [disgorgement], as individuals and businesses are limited to seeking injunctive relief under § 17200" (RMCF Motion, 17:3-8), Defendant has, once again, failed to cite the proper authority on point. Indeed, in *Meta-Film Association., Inc. v. MCA, Inc.*, relied upon by RMCF to support its claim, the Court states, in pertinent part,

> In certain circumstances, courts may award monetary relief in statutory unfair competition actions; under Business and Professions Code §17535, the section parallel to §17203, "the trial court has authority to order *restitution* as a form of ancillary relief in . . . an injunctive action . . . [para.] [The court may do so if it] determines that such a remedy is necessary to deter future violations of the unfair trade practice statute or to foreclose the defendant's retention of any ill-gotten gains. *Meta-Film Association., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1363 (C.D. Cal. 1984) ("*Meta-Film*"); *Fletcher v. Security Pacific National Bank*, 1979) 23 Cal. 3d 442, 449; *Bank of the W. V. Superior Court*, (1992) 2 Cal. 4th 1254, at 1267.

In the current action, Plaintiffs' request for relief under California Business and Professions Code Section 17200 et seq. is clearly identified as "restitutionary," i.e.

> Cmplt. ¶59    - As a direct result of the above illegal, fraudulent and unfair business practices, RMCF has been <u>unjustly enriched</u> and has otherwise received revenues from Plaintiffs and others as a result of their violations of section 17200 of the California Business & Professions Code which should be held in trust and disgorged, including the monies and other items paid by Plaintiffs including franchising fees, royalties, and inventories, which monies should be returned to Plaintiffs and others similarly situated <u>by restitution, disgorgement or other equitable remedies</u>. [emphasis added].
> and,
> Cmplt. Prayer for Relief, subsection (e.) - For defendant <u>RMCF to make restitution to Plaintiffs</u> or all royalties, marketing fees, and its profit on the shipment and sale of product to Plaintiff obtained during the period of time

in which RMCF was engaged in its violation of California Business and Professions Code Section 17200 et seq. [emphasis added].

Based upon the clear language of *Meta-Film*, the Overturfs do, in fact, have the requisite standing to seek restitution, i.e. disgorgement, as requested in their First Amended Complaint and RMCF's motion to dismiss should be denied in this regard.

### 2.    Defendant Fails to Establish a Bar Under the Doctrine of Res Judicata and/or Rule 13 of the Federal Rules of Civil Procedure.

In the interest of brevity, Plaintiffs' respectfully invite the Court's attention to its argument as previously stated at paragraph A. 2., above. (8:1).  For the reasons stated therein, Defendant has failed to establish a bar under the theory of claim preclusion and RMCF's current request must be denied.

Rule 13 of the Federal Rules of Civil Procedure states, in pertinent part, "A pleading shall state as a [compulsory] counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim …" Further, to be subject to Rule 13's compulsory pleading requirements, "A compulsory counterclaim must arise out of the transaction or occurrence that is the subject matter of the opposing party's claim and also be mature and owned by the pleader at the time he serves his pleading. [citation omitted] "Where a defendant acquires a claim [or his claim becomes mature] after his answer has been filed it is not a compulsory counterclaim even if it arises out of the same transaction." [citation omitted] *Procare Laboratories, Inc. v. Gull Laboratories, Inc.*, 1995 U.S. App. LEXIS 5192 *7 (9th Cir. 1995), citing to *Magna Pictures Corporation v. Paramount Pictures Corporation*, 265 F. Supp. 144, 152 (D.C. Cal. 1967) and *Arch Mineral Corporation v. Lujan*, 911 F.2d 408, 412 (10th Cir. 1990).

When making a determination under Rule 13, the Ninth Circuit will apply the "logical relationship" test.  "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis for both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."  Pinkstaff et al. v. United States of America, 974 F.2d 113, at 115 (9th Cir. 1992).  Therefore, to meet the requirements under Rule 13, SDMS was required to bring, as

1  compulsory counterclaims, any fully accrued claims arising out of the aggregate facts alleged in

2  RMCF's Amended Complaint[3] filed on October 20, 2006 as of the date of their Answer, filed in the

3  District of Colorado on November 7, 2006.

4  First, four out of five claims contained within the October 20, 2006 pleading are linked, in their

5  entirety, to SDMS' alleged violation of RMCF's intellectual property rights.  (RMCF Motion, Exhibit

6  B).  The operative facts to such claims are limited to SDMS' use, misuse or any challenges or defenses

7  thereto.  Because the current claims under the California Business and Professions Code have absolutely

8  nothing to do with RMCF's claimed intellectual property rights, nor to SDMS' defenses thereunder, they

9  fall entirely outside the parameters of Rule 13's compulsory counterclaim provisions.

10  The only claim to which SDMS' current allegations even arguably relate is RMCF's third

11  Colorado claim for breach of contract.  However, once again, the facts pled within RMCF's claim have

12  zero connection to the allegations contained within the current action.  RMCF's Colorado claim alleges

13  breach of contract based upon SDMS' actions, or inactions, from essentially May 2006 through October

14  2006 (sale of unauthorized product, failure to pay royalties, refusal to abide by post-termination

15  provisions).  Not only is there an entirely different set of factual allegations contained within SDMS'

16  current complaint, relating in whole to RMCF's conduct of business in general, discovery efforts to

17  prove such allegations will require an entirely different discovery plan, with different witnesses and

18  dissimilar written requests.

19  Furthermore, RMCF has already affirmed the absolute absence of connectedness between the

20  current claims and those pled in Colorado by its counsel's repeated relevance objections at every turn in

21  the Colorado Action's discovery proceedings.  During discovery in the Colorado Action, RMCF's

22  counsel made seven (7) separate relevance objections during the first deposition of an RMCF executive

23  alone[4], and at least one (1) relevance objection in each of the other seven depositions of RMCF

24  representatives.  The deposition objections are in addition to relevance objections contained within

25

26

27  [3] Notably, Rule 13 does not bar claims where the facts alleged in the new action relate solely to claims and/or defenses raised
   by the defendant (or answering party) in the underlying action.

28  [4] Vice President of Franchise Operations, Mr. Greg Pope.

1    nearly every discovery response, affirmative motion or response in opposition related to SDMS'

2    discovery requests.

3            Additionally, a number of substantive motions and/or responses filed by RMCF in the Colorado

4    Action contain the statement: "This case involves RMCF's straightforward claim that Defendants,

5    former RMCF franchisees, breached their obligations under the parties' franchise agreement" or

6    something substantially similar thereto.  (Colorado Action, RMCF's Response to SDMS' Motion to

7    Amend the Scheduling Order, Introduction, Doc. 81; Substantially similar language also at RMCF's

8    Motion for Protective Order, "Background," Doc. No. 87).  The inclusion of this language, a summary

9    of the case in RMCF's own words, evidences the exact limitation of claims and relevant facts the SDMS

10   now seeks to establish.

11           Lastly, SDMS' damage claim (losses associate with the forced closure and cessation of business

12   activities as they relate to the sale of chocolate and/or confectionary items) remained speculative, and

13   therefore un-actionable, until after the Colorado Court's ruling on the motions for preliminary

14   injunction.  As a result, SDMS' current claims were not yet mature as of November 7, 2006 when their

15   responsive pleadings were filed in the Colorado Action.  Additionally, because they were uncovered

16   only upon the deposition questioning of RMCF's executive staff, the facts at issue in the current case

17   were unknown to Plaintiffs at the time their Answer was filed in November 2006.

18           Because the current claims under the California Business and Professions Code relate to RMCF's

19   method of doing business within the State of California and do not relate, specifically, to its contractual

20   relationship with SDMS, nor were the claims mature as of November 2006, Rule 13's compulsory

21   counterclaim provision does not apply.

22           Addressing, briefly, each of RMCF's allegations,

23   •    *Allegedly selling product to non-franchisee retailers as alleged in ¶¶ 53(a)-(c), (i) and (l)*

24           At page eleven, lines nine through twenty-one (11:9-21), RMCF asserts that Plaintiffs' claims of

25   unfair competition must fail because the Colorado Court decided against SDMS with regards to its

26   allegation that RMCF committed fraud by failing to disclose itself as a competitor to SDMS within its

27   UFOC.  While Plaintiffs will acknowledge that the Colorado Court did find that SDMS could not

28

1    establish fraud, the issues and related facts under Plaintiffs' current claims are wholly dissimilar to the

2    facts ruled upon in Colorado.

3        Here, the claims do not rely upon RMCF's failure to disclose.  Indeed, Plaintiffs will

4    acknowledge RMCF's reservation of rights.  In the current action, however, the issue is not whether

5    RMCF identified itself as a competitor but whether it was fair and reasonable of Defendant to under-cut

6    its own franchise system by actively marketing and selling its product, the very same product sold via

7    the RMCF franchisee, to wholesale and discount retailers at lesser per unit costs.  As stated in *Meta-*

8    *Films*, relied upon heavily in RMCF's Motion, "the court then described the broad protections accorded

9    by the law of unfair competition to victims of unfair practices: "the law of unfair competition and

10   trademarks has progressed far beyond the old concept of fraudulent passing off, to encompass any form

11   of competition or selling which contravenes society's current concepts of 'fairness' ". *Meta-Film*

12   *Assosiations, Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1362 (C.D. Cal. 1984).  Therefore, under the basic

13   concept of fairness, it is simply unreasonable to assert that RMCF's self-motivated conduct of increasing

14   its own revenue by shamelessly destroying its franchisee's can be overcome by simply (and deceptively)

15   reserving a licensing right in, what is arguably, a contract of adhesion.

16       In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs'

17   preceding argument related to RMCF's claims of res judicata and Rule 13.  For these reasons, and for

18   all others listed herein, RMCF's Motion should be denied in this regard.

19   • *Alleged price-gouging on costs and freight of RMCF products as alleged in ¶ 53(d)*

20       RMCF's franchise agreement requires its franchisees to devote at least fifty-percent (50%) of its

21   display space to RMCF factory brand candy.  (RMCF Motion, Exhibit A, ¶2.2).  Additionally, RMCF

22   provides its franchisees with the suggested retail price for such product of $18.00 per pound when it is

23   fully aware that Costco sells a substantially similar RMCF product for only $10.99.   As a result, "under

24   certain circumstances and with regards to certain products, the RMCF franchisee can purchase,

25   repackage and sell RMCF products at a lesser total per-unit cost if such items are initially purchased, by

26   the franchisee, from one of RMCF's Direct Customers, such as Costco, than it can if purchasing from

27   RMCF [directly]."  (Cmplt., ¶20). This is clearly conduct "which contravenes society's current concepts

28   of 'fairness' "as established in *Meta-Film.   Ibid.*

In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs' preceding argument related to RMCF's claims of res judicata and Rule 13. For these reasons, and for all others listed herein, RMCF's Motion should be denied in this regard.

- *Alleged enforcement of the post-termination covenant not to compete in the Franchise Agreement as alleged in ¶ 53(g)*

First, because Plaintiffs voluntarily agreed to operate their business without violating RMCF's covenant not to compete, the merits of this issue were never discussed in the Colorado Action, much less adjudicated[5].  Additionally, because the current claims brought under the California Business and Professions Code seek to invalidate all of RMCF's California franchise agreements and do not related to SDMS' agreement, specifically, the issue is still ripe for this Court's determination.

In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs' preceding argument related to RMCF's claims of res judicata and Rule 13.  For these reasons, and for all others listed herein, RMCF's Motion should be denied in this regard.

- *Allegedly seeking a forced sale of the franchise location as alleged in ¶ 53(k)*

RMCF's moving papers are limited in their discussion to RMCF's attempt to enforce one of its post-termination provisions requiring a forced sale of Plaintiffs' San Diego franchise.  However, paragraph 53(k) of the Complaint states, in its entirety,

> Using in-terrorem tactics, threats, intimidation and other deceitful and unfair practices to force franchisees to remain in financially destructive relationships <u>including, but not limited to</u>, threatening franchisees with a lawsuit seeking a forced sale of their franchised location and/or lost future royalties for the remaining term of their franchise agreement;

Even if Plaintiffs' allegation under paragraph 53(k) were limited to RMCF's efforts to force a sale of SDMS' franchise, which it expressly is not, the Colorado Court refused to enforce this provision and denied RMCF's request in this regard.  (RMCF Motion, Exhibit C at page 10).

---

[5] While RMCF cites to the Court's decision in *Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc. et al.*, Case No. 06-cv-01212-WYD-BNB (D. Colo., December 8, 2006) in support of affirming its covenant not to compete, RMCF fails to acknowledge the additional language within the Colorado Court's December 8, 2006 Order striking the distance requirement of ten-miles from *any* existing RMCF franchisee and instead, enforcing only a ten-mile radius from the defendant, franchisee's, current location.   Additionally, the Colorado Court's decision was only <u>preliminary</u>.

1    In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs'

2  preceding argument related to RMCF's claims of res judicata and Rule 13.  For these reasons, and for

3  all others listed herein, RMCF's Motion should be denied in this regard.

4    • *Seeking lost future royalties as alleged in ¶ 53(k)*

5    Under the California Unfair Trade Practices Act, it is irrelevant that the RMCF franchise

6  agreement provides Defendant with the contractual right to seek lost future royalties.  The issue at hand

7  is whether or not the threat of exercising such "right" may be used to intimidate franchisees in the State

8  of California.  Under the principles of *Meta Film* identified above, RMCF must not be permitted to

9  continue in this oppressive practice.

10    In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs'

11  preceding argument related to RMCF's claims of res judicata and Rule 13.  For these reasons, and for

12  all others listed herein, RMCF's Motion should be denied in this regard.

13    • *Charging and collecting royalty payments as alleged in ¶ 53(m)*

14    Paragraph 53(m) of Plaintiffs' Complaint alleges it to be a violation of California Business and

15  Professions Code to:

16    Charging and collecting royalty payments from the RMCF franchisees
17    while actively working to cannibalize the franchise system by developing
      a market place for Direct Customers, destroying and/or drastically reducing
18    the RMCF franchisees' "good will" and the "going concern value" of their
      independently owned franchised business.
19

20    Therefore, it's not simply RMCF's practice of collecting royalty payments that runs afoul of the

21  California Business and Professions Code, it's the fact that it collects a five percent (5%) royalty from

22  its franchisees on top of the elevated per unit cost, *in addition to* actively marketing the same product

23  outside the franchise system for sale to the end consumer at half the cost.

24    In the interest of brevity, Plaintiff respectfully invites the Court's attention to Plaintiffs'

25  preceding argument related to RMCF's claims of res judicata and Rule 13.  For these reasons, and for

26  all others listed herein, RMCF's Motion should be denied in this regard.

27  \\\

28  \\\

- *Charging and collecting marketing fees as alleged in ¶ 53(n)*

Paragraph 53(n) of Plaintiffs' Complaint alleges it to be a violation of California Business and Professions Code to:

> Charging and collecting "marketing fees" over a period of more than
> four years and unfairly using those funds for advertising RMCF's own,
> factory brand products sold to Direct Customers and not to the franchise system.

Because the two issues are nearly identical and, in the interest of brevity, Plaintiff respectfully invites the Court's attention to the preceding argument and to Plaintiffs' preceding argument related to RMCF's claims of res judicata and Rule 13. For these reasons, and for all others listed herein, RMCF's Motion should be denied in this regard.

### 3.   Plaintiffs' Claims Under Section 17200 <u>et seq</u>. Are Supported by California Law.

To state a cause of action for unfair competition, Plaintiff must show that members of the public are likely to be deceived. *See id.* (finding that actual deception or confusion need not be presented by the plaintiff). "An 'unfair' practice under section 17200 is one 'whose harm to the victim outweighs its benefits.'" *Baymiller v. Guarantee Mut. Life Co.,* 2000 U.S. Dist. LEXIS 22002, at *11 (C.D. Cal. Aug. 3, 2000).

- *Allegedly selling product to non-franchisee retailers as alleged in ¶¶ 53(a)-(c), (i) and (l)*

In the interest of brevity, Plaintiff respectfully invites the Court's attention to its argument at page 12, above.

- *Alleged Enforcement Of The Post-Termination Covenant Not To Compete In The Franchise Agreement As Alleged In ¶ 53(g)*

The RMCF UFOC specifically states, "The Franchise Agreement contains a covenant not to compete which extends beyond the termination of the Franchise. This provision may not be enforceable under California law." Therefore, RMCF is quite aware that this particular restrictive covenant may not be enforceable in California.

Additionally, as stated previously, because the purpose of Plaintiffs' current claims under the California Business and Professions Code is not only to seek redress and protection with regards to their

own specific harms, but also to protect the public at large, the question of whether or not the covenant not to compete contained within the RMCF franchise agreement, prohibiting competition for two years within a ten-mile radius of *any* existing franchisee, is enforceable under California law remains in controversy.

Further, regardless of the existence of such provision or whether or not a non-compete is generally enforceable in California for the express purpose of protecting trade secrets[6], there is still the question of reasonableness.  As such, RMCF's Motion is an inappropriate forum to this decision.  *Cook supra*, at 245.  For these reasons, and for all others listed herein, RMCF's Motion should be denied in this regard.

- *Withholding or misrepresenting financial information on store profits as alleged in ¶ 53(j)*

In the interest of efficiency, Plaintiffs' hereby withdraw this particular allegation and RMCF's Motion should be denied in this regard and RMCF's Motion should be denied in this regard.

### 4. Plaintiffs' Claim under California Business and Professions Code Section 17200 Are Properly Pled Under Rule 8(a)(2) of the Federal Rules of Civil Procedure

For a complaint to have been sufficiently pled under Rule 8(a)(2), *Twombly* requires only that, enough facts be pled to raise "a reasonable expectation that discovery will reveal evidence of [bad conduct]."  Indeed, the Court in *Twombly* specifically acknowledges the sufficiency of pleading even though it "strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely".  *Twombly supra*, at 1965.  Additionally, the law of unfair competition in California has been expanded to "encompass any form of competition or selling which contravenes society's current concepts of 'fairness'  *Meta-Film supra*, at 1362.

- *Using RMCF franchisees to diminish RMCF's expenses for its employees and manufacturing prices as alleged in ¶ 53(h)*

Under the Federal Court's general "notice pleading" standard and, as decided in *Twombly*, to survive a motion to dismiss, SDMS need only include enough information to place RMCF on notice of

---

[6] Plaintiffs do not admit or acknowledge, in any way, the righteousness of RMCF's claim to trade secrets.  SDMS specifically disavows any notion that RMCF's business model, method of practice or, even certain recipes, can be protected as trade secrets.

the claim and raise a reasonable expectation that discovery will reveal additional evidence. Here, one interrogatory resolves RMCF's current dispute: "How does RMCF unfairly use its franchisees to diminish its expenses for its employees and manufacturing practices?"  For this reason, Plaintiffs respectfully request that RMCF's Motion be denied in this regard.

- *Preventing communication and organization of failing RMCF franchises as alleged in ¶ 53(e)*

First, paragraph 53(e) of the First Amended Complaint specifically states, "Interfering, disparaging, defaming and otherwise trying to prevent the communication and organization of failing RMCF franchisees."  Under *Twombly*, i.e. the complaint need only include "enough fact to raise a reasonable expectation that discovery will reveal evidence of" the alleged wrong-doing, Plaintiffs have met the notice pleading requirement of Rule 8(a)(2).  *Twombly supra*, at 1965; Fed. Rule Civ. Proc. 8(a)(2).

Additionally, with all due respect to RMCF's supposition that, "Plaintiffs do not allege that "failing RMCF franchisees" have any entitlement to unfettered "communication and organization." Thus, even assuming the allegations of interference were true, there is no reason why interference would even be wrongful," California Corporations Code Section 31220 states, specifically, "It <u>shall be</u> a violation of this division for any franchisor, directly or indirectly, through any officer, agent or employee, to restrict or inhibit the right of franchisees to join a trade association <u>or to prohibit the right of free association among franchisees</u> for any lawful purposes." [emphasis added].

Therefore, for this reason and, for all others contained within this Opposition, Plaintiffs respectfully request that the Court deny RMCF's motion to dismiss in this regard.

- *Employing franchise contracts of adhesion as alleged in ¶ 53(f)*

In the interests of brevity, Plaintiffs respectfully invites the Court's attention to their previous argument in this regard and request that RMCF's Motion be denied.

### C.     Plaintiffs' Claim for Relief Under Section 17500 of the California Business and Professions Code Is Proper and Should Not be Dismissed

RMCF's argument in this regard relies upon the concept that the fraudulent trade practices alleged under the second claim for relief fails because Plaintiffs did not "allege that the public could be

1  deceived by the alleged actions".  (RMCF Motion, 20:20-24).  In response, Plaintiffs respectfully invite

2  the Court's attention to the First Amended Complaint paragraph 52 ("RMCF had the capacity to deceive

3  Plaintiffs and others because RMCF had superior and exclusive knowledge of their business and the

4  OVERTURFS and members of the general public had no method of learning the falsity of those

5  misrepresentations as outlined in preceding paragraphs) and paragraph 58 (The illegal, fraudulent and

6  unfair business practices of RMCF presents a continuing threat to Plaintiffs and to members of the

7  public...).

8      Further, the deceptive language regarding RMCF's "alternative channels of distribution" alleged

9  by Plaintiffs under Section 17500 was contained within RMCF's Uniform Offering Circular, its required

10  public disclosure within the State of California and is available for the publics review on the Cal-EASI

11  Database, an on-line search engine provided by the California Department of Corporations.

12  (http://134.186.208.228/caleasi/search.asp?TASKNAME=xsearchFilings)

13      Based upon the clear allegations contained within SDMS' original and First Amended

14  Complaint, RMCF's Motion should be denied in this regard.

15

16              IV.    CONCLUSION

17      For all reasons stated herein and, based upon the documents on file herein and upon those oral

18  arguments presented on August 1, 2008, Plaintiffs respectfully request that this Court deny RMCF's

19  Motion to Dismiss in its entirety.

20

21  Dated this 18th day of July, 2008.              LYNN & FORTUNE, LLP

22

23                          ___s/*Rebecca J. Fortune*___.
                              Rebecca J. Fortune
24                            Attorney for Plaintiffs,
                              Tom Anderson, Ken Pecus
25                            and SDMS, Inc.

26

27

28