1  James De. DeRoche, Bar No. 69592
   jderoche@perkinscoie.com
2  Steven C. Gonzalez, Bar No. 191756
3  sgonzalez@perkinscoie.com
   PERKINS COIE LLP
4  1620 26th Street, Sixth Floor – South Tower
5  Santa Monica, CA  90404
   PHONE: 310.788.9900
6  FAX: 310.788.3399

7  Leonard H. MacPhee, *Pro Hac Vice* Application
8  Pending
   lmacphee@perkinscoie.com
9  PERKINS COIE LLP
10 1899 Wynkoop Street, Suite 700
   Denver, CO 80202
11 PHONE: 303-291-2307
   FAX: 303-201-2400
12 Attorneys for Defendant
13 ROCKY MOUNTAIN CHOCOLATE
   FACTORY, INC.
14

15                    UNITED STATES DISTRICT COURT

16                    SOUTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  SDMS, INC., THOMAS P. ANDERSON, and KEN PECUS, | Case No.: 08cv00833 JM (AJB) |
| 19 | **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| 20          Plaintiff, | |
| 21     v. | Date:    August 1, 2008 |
| 22  ROCKY MOUNTAIN CHOCOLATE FACTORY, INC., | Time:    1:30 p.m.<br>Ctrm:    16 |
| 23          Defendant. | Judge:   Hon. Jeffrey T. Miller |
| 24 | [Complaint Filed on May 13, 2008] |

**TABLE OF CONTENTS**

**Page**

I.   THE COURT SHOULD DISMISS THE §17000 CLAIM .................................................. 1

II.  THE COURT SHOULD DISMISS THE § 17200 CLAIM BECAUSE PLAINTIFFS LACK STANDING TO BRING A DAMAGES CLAIM, BECAUSE THE CLAIM IS PRECLUDED, BECAUSE THE CLAIM FAILS AS A MATTER OF LAW, AND BECAUSE PORTIONS OF THE CLAIM ARE INSUFFICIENTLY PLED .................................................................................................. 4

   A.   Plaintiffs' Claim Is Not of the Type to Justify a Monetary Remedy ..................... 4

   B.   Plaintiffs' § 17200 Claim Fails As a Matter of Law .............................................. 4

      1.   Several of the Alleged Unfair Business Practices are Precluded ................ 4

      2.   The § 17200 Claim Fails Because the Complaint Does Not Allege the Essential Element that RMCF's Actions Could Deceive Members of the Public, the Statute Cannot be Used to Rewrite the Terms of the Contract and Many of the Allegations Are Mere Conclusions or Labels ............................................................................... 6

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

## *Cases*

*Acree v. General Motors Acceptance Corp.*, 92 Cal. App. 4th 385 (2001) .......................... 6

*Alexander v. Chicago Park District*, 773 F.2d 850 (7th Cir. 1985) .................................... 4

*Baymiller v. Guarantee Mut. Life Co.*, 2000 WL 33774562 (C.D. Cal. Aug. 3, 2000) ....... 6

*Bedran v. American Express Travel Rel Serv Co., Inc.*, 2007 WL 756364
    (Cal.App.2 Dist. 2007) .................................................................................................. 3

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ............................................................ 7

*Cardonent, Inc. v. IBM Corp.*, 2007 WL 518909 (N.D. Cal. 2007) ..................................... 3

*Carpenter v. Young*, 773 P.2d 561 (Colo. 1989) ............................................................ 2, 3

*Cunningham v. Washington*, 811 P.2d 225 (Wash. App. 1991) .......................................... 3

*Knott v. McDonald's Corp.*, 147 F.3d 1065 (9th Cir. 1998) ................................................ 3

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ................................................... 8

*Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80 (2nd Cir.1961) .................. 3

*Meta-Film Associates, Inc. v. MCA, Inc.*, 586 F. Supp. 1346 (C.D. Cal. 1984) .................. 4

*Miron v. Herbalife Intern., Inc.*, 11 Fed. Appx. 927 (9th Cir. 2001) ................................... 6

*Nedlloyd Lines B.V. v. Superior Court of San Mateo*, 3 Cal. 4th 459 (1992) ..................... 3

*Nibeel v. McDonald's Corp.*, 1998 WL 547286 (N.D. Ill. 1998) ......................................... 3

*Overturf v. Rocky Mountain Chocolate Factory*, Case No. 08-0365 AG (RNBx), United
    States District Court for the Central District of California, unpublished Order dated
    July 21, 2008 ................................................................................................................. 2

*Rocky Mountain Chocolate Factory v. SDMS*, 2007 WL 4268962
    (D.Colo. Nov. 30, 2007) ............................................................................................... 6

*Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284 (1993) ............... 6, 7, 9

*Satterfield v. Ennis*, 2008 WL 2660970 (D.Colo. 2008) ..................................................... 8

*Sawyer v. Resolution Trust*, 81 F.3d 170, 1996 WL 144223 (9th Cir. 1996) ..................... 3

*Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034 (N.D. Cal. 1990) ............................. 9

*Scripps Clinic & Research Found. v. Genentech, Inc.*, 678 F.Supp. 1429
    (N.D.Cal. 1988) ............................................................................................................ 3

*Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) .......................................... 8

*Terarecon, Inc. v. Favra, Inc.*, 2006 WL 1867734 (N.D. Cal. July 6, 2006) ...................... 6

*Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751 (9th Cir. 1986) ................................. 3

*Villager Franch. Sys., Inc. v. Dhami, Dhami & Virk*, 2006 WL 988628
    (E.D.Cal. Apr. 13, 2006) .................................................................................................. 3

*West v. Gibson*, 527 U.S. 212 (1999) ..................................................................................... 2

### *Statutes*

Cal. Bus. & Prof. Code § 17040 ............................................................................................. 1

Cal. Bus. & Prof. Code § 17042 ............................................................................................. 1

Cal. Bus. & Prof. Code § 17044 ............................................................................................. 1

Cal. Bus. & Prof. Code § 17045 ............................................................................................. 1

Cal. Bus. & Prof. Code § 17535 ............................................................................................. 4

Colo. Rev. Stat. §§ 6-1-101 ..................................................................................................... 3

Colo. Rev. Stat. §§ 6-2-101 ..................................................................................................... 3

### *Rules*

Fed. R. Civ. P. 13 ..................................................................................................................... 5

Fed. R. Civ. P. 8 ....................................................................................................................... 7

Fed. R. Civ. P. 9(b) .................................................................................................................. 6

### *Treatises*

1B. J. Moore, Federal Practice ¶0.441[4] (1983) ................................................................. 2

18 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 4434 (1981) ......... 3

## I. THE COURT SHOULD DISMISS THE §17000 CLAIM

Plaintiffs appear to argue in their Opposition brief that their allegation that RMCF sells products, some of which are allegedly unavailable to RMCF franchisees, to retail outlets at a lesser per unit cost than to franchisees, alleges conduct prohibited by Cal. Bus. & Prof. Code §§ 17045, 17044, or 17040. (Opposition at pp. 4-5.) Plaintiffs are wrong because these provisions prohibit entirely different conduct. Section 17045 prohibits granting "some but not all purchasers purchasing on the same terms and conditions secret payments or allowances tending to destroy competition," while section 17044 prohibits selling product at a price below *cost to the manufacturer* where the effect is to harm competition, and section 17040 prohibits making "locality discriminations in price with the intent to destroy competition."

Plaintiffs do not allege that RMCF grants secret payments or allowances to non-franchisee customers or that they and the "discount retailers" they identify are "purchasers purchasing on the same terms and conditions," as would be required to state a claim under Cal. Bus. & Prof. Code § 17045. Only in this scenario and the creation of a locality discrimination does the Unfair Practices Act prohibit price differentials among customers.[1] Nor do (or could) Plaintiffs allege that RMCF makes any "locality discriminations" as would be necessary to state a claim under Cal. Bus. & Prof. Code § 17040. Finally, Plaintiffs do not allege that RMCF sells its product at a price lower than the cost of that product to RMCF, as a claim under Cal. Bus. & Prof. Code § 17044 would require. For these reasons, Plaintiffs' allegations do not adequately state claims under § 17040, § 17044 or § 17045, and consequently, Plaintiffs' §17000 claim should be dismissed. *See Overturf v. Rocky Mountain Chocolate Factory*, Case No. 08-0365 AG (RNBx), United States District Court for the Central District of California, unpublished

---

[1] Indeed, § 17042 specifically permits price differentials for customers in different functional classifications (e.g. retailers and wholesalers). Cal. Bus. & Prof. Code § 17042.

1  Order dated July 21, 2008, pp. 14-15 (dismissing exact same claims) (provided herewith
2  at Exhibit A).

3      Further, Plaintiffs' apparent claim that they were deceived by the nonexclusive
4  listing of alternative channels of distribution is frivolous.  While RMCF's UFOC and
5  Franchise Agreement did not specifically identify Costco or Amazon.com when they
6  disclosed RMCF's right to distribute its product through alternative channels, it did
7  expressly state that RMCF had the right to sell its product through the Internet and the
8  wholesale of its products to unrelated retail outlets.  Further, the Franchise Agreement's
9  language clearly states that the listing of alternative distribution channels is non-
10  exhaustive. (Franchise Agreement ¶ 3.3.)  *See West v. Gibson*, 527 U.S. 212, 212-13
11  (1999).  Plaintiffs' discussion of the *ejusdem generis* principle is totally misplaced.  The
12  listing of sales through the Internet and unrelated retail outlets is of the same general
13  nature or class as Costco and Amazon.com.  In short, Plaintiffs point to nothing
14  misleading about RMCF's UFOC and Franchise Agreement to relieve them of their
15  agreement that RMCF could do what they now complain about.

16      Moreover, Plaintiffs' claims regarding disclosure of RMCF's sales of products
17  were previously litigated in the Colorado Action.  Plaintiffs try to avoid the preclusive
18  effect of the Colorado Court's summary judgment award on this issue by arguing the
19  judgment is not final for appeal purposes under Rule 54(b).  Plaintiffs' reliance on rule
20  54(b)'s requirements for finality is misplaced.  Courts are increasingly unwilling to
21  tolerate "efforts to avoid decisions made after fair consideration by shifting the scene to
22  another courtroom" (1B J. Moore, *Federal Practice* ¶ 0.441[4], at 745 (1983)), and they
23  apply a pragmatic approach to whether an order constitutes a final judgment for purposes
24  of preclusion. *Carpenter v. Young*, 773 P.2d 561 (Colo. 1989) (reviewing that the
25  majority of courts take a pragmatic approach to determining finality for collateral estoppel
26  purposes, holding that the preclusive effect of a judgment differs from whether a judgment
27  is final under Rule 54(b) for purposes of appeal, and finding partial summary judgment
28

preclusive).[2] *See also Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80 (2nd Cir.1961) (judgment not final for appeal purposes can be final for preclusion); *Scripps Clinic & Research Found. v. Genentech, Inc.*, 678 F.Supp. 1429, 1436-37 (N.D.Cal. 1988); *Cunningham v. Washington*, 811 P.2d 225, 228-29 (Wash. App. 1991). 18 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 4434, at 321 (1981) (noting that the strict finality requirement has been relaxed in favor of a practical view of finality). To this end, when Courts decide whether a judgment is final for preclusion purposes, they consider whether the prior decision was adequately deliberated and firm rather than tentative, whether the parties were fully heard, whether the court issued a reasoned opinion, and whether the decision was subject to appeal or in fact was reviewed. *Carpenter*, 773 P.2d at 568.

*Res judicata* includes both claim and issue preclusion *Sawyer v. Resolution Trust*, 81 F.3d 170, 1996 WL 144223 * 1 (9th Cir. 1996). As the above cases reveal, issue preclusion does not require a "final" judgment. Because the parties are identical to those in the Colorado action, Plaintiffs fully litigated certain issues in the Colorado action, and the Court issued a detailed written ruling on summary judgment, Plaintiffs are precluded from raising any of the issues that were actually litigation in the Colorado Action. Further, at least one court has applied the same reasoning to find a judgment that is not final under Rule 54(b) and can be final for claim preclusion, as well. *Alexander v.*

---

[2] Federal Courts sitting in diversity apply the applicable state law in considering whether a claim or issue is precluded. *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986). The parties specifically agreed that Colorado law governs their relationship (Ex. A, § 22.1), and this agreement is enforceable. *Nedlloyd Lines B.V. v. Superior Court of San Mateo*, 3 Cal. 4th 459, 465 (1992). *See also Knott v. McDonald's Corp.*, 147 F.3d 1065, 1067 (9th Cir. 1998) (applying Illinois law to dispute between California franchisee and McDonalds based upon provision in franchise agreement); *Villager Franchise Sys., Inc. v. Dhami, Dhami & Virk*, 2006 WL 988628, at *1 (E.D. Cal. Apr. 13, 2006) (same with respect to New Jersey law). Indeed, because Colorado has its own statutes addressing alleged unfair business practices and unfair competition (*see, e.g.,* C.R.S. §§ 6-1-101 *et. seq.* and 6-2-101 *et. seq.*), this Court should enforce the parties' choice of law clause and dismiss the §§ 17000 and 17200 claims outright. *See Cardonent, Inc. v. IBM Corp.,* 2007 WL 518909, 5 (N.D. Cal. 2007); *see also Bedran v. American Exp. Travel Related Services Co., Inc.*, 2007 WL 756364, 2 (Cal.App.2 Dist. 2007) and *Nibeel v. McDonald's Corp.*, 1998 WL 547286, 11 (N.D. Ill. 1998).

*Chicago Park District*, 773 F.2d 850, 855 (7th Cir. 1985). Therefore, any claims that are based on the same nucleus of facts and could have been litigated are also barred.

## II. THE COURT SHOULD DISMISS THE § 17200 CLAIM BECAUSE PLAINTIFFS LACK STANDING TO BRING A DAMAGES CLAIM, BECAUSE THE CLAIM IS PRECLUDED, BECAUSE THE CLAIM FAILS AS A MATTER OF LAW, AND BECAUSE PORTIONS OF THE CLAIM ARE INSUFFICIENTLY PLED.

### A. Plaintiffs' Claim Is Not of the Type to Justify a Monetary Remedy.

Plaintiffs do not attempt to distinguish the cases holding that private individuals are limited to seeking injunctive relief under § 17200. Instead, Plaintiffs point to dicta from one case, *Meta-Film Associates, Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1363 (C.D. Cal. 1984), in support of their contention that they have standing to bring a claim for monetary damages under this statute. Plaintiffs are wrong. The "clear language of *Meta-Film*" does not state, as Plaintiffs claim, that a monetary award is available under § 17200. *Id.* Rather, the Court stated that restitutionary monetary relief may be available under certain circumstances on a claim under Cal. Bus. & Prof. Code § 17535, which is not at issue here. *Id.* Although the Court states that § 17535 is "parallel to" § 17200, it did not hold that monetary damages can be available under § 17200. Plaintiffs cite no cases holding that monetary damages are available to a private litigant under § 17200. As set forth in RMCF's Motion to Dismiss, numerous California courts have held that individuals cannot receive monetary damages under § 17200, and this Court should follow those decisions.

### B. Plaintiffs' § 17200 Claim Fails As a Matter of Law

#### 1. Several of the Alleged Unfair Business Practices are Precluded.

Plaintiffs are precluded from bringing their § 17200 claim that RMCF failed to disclose its sales to non-franchisees, as alleged in ¶ 53(b), because that issue is precluded by the decision in the Colorado Action (*see* above).

Further, several of Plaintiffs' claims are barred because Plaintiffs did not raise them as compulsory counterclaims in the Colorado action. As set forth in RMCF's Motion to Dismiss, Plaintiffs were required to raise their claim relating to RMCF's efforts to enforce the Franchise Agreement's covenant not to compete (¶ 53(g)), relating to

Plaintiffs' alleged attempts to seek a forced sale of the franchise store and to obtain lost future royalties (¶ 53(k)) and their claim regarding RMCF's charging and collecting royalty payments ¶ 53(m), as compulsory counterclaims under Fed. R. Civ. P. 13 in the Colorado action. These claims arise from the same occurrence (i.e., "aggregate set of operative facts") that is the subject matter of RMCF's breach of contract claim pending in the Colorado action.

Plaintiffs' arguments against enforcing Rule 13's bar are unavailing. Plaintiffs first argue that RMCF's relevance objections to unidentified questions during a deposition and certain unidentified written discovery, as well as its description of that case as a "straightforward claim that Defendants . . . breached their obligations under the parties' franchise agreement" in some briefs, show the claims Plaintiffs assert here are unrelated to RMCF's claims against them in the Colorado Action. This is ridiculous. The measure of whether the claims asserted here arose from the same facts is shown through comparison of the two complaints. It is hard to imagine a clearer example of claims arising from the same aggregate set of operative facts. RMCF's action for breach of contract sought to enforce post-termination and in-term covenants and Plaintiffs' current claims assert that this effort constitutes an unfair business practice.

Plaintiffs' second argument is also wrong. Plaintiffs actually assert that their damage claim was not sufficiently mature when they filed their initial counterclaim in the Colorado Action because the Court had not yet granted RMCF's motion for preliminary injunction. But, that did not stop Plaintiffs from asserting claims for the same damages they seek in this case. Compare Amended Complaint, ¶¶ 24-26 with Counterclaims, ¶¶ 51-56 (Exhibit D to RMCF's Points and Authorities). Further, on or about April 17, 2007 Defendants amended their counterclaims. These compulsory counterclaims were certainly mature by then.

**2.	The § 17200 Claim Fails Because the Complaint Does Not Allege the Essential Element that RMCF's Actions Could Deceive Members of the Public, the Statute Cannot be Used to Rewrite the Terms of the Contract and Many of the Allegations Are Mere Conclusions or Labels.**

Section 17200 is intended to protect consumers, and not to protect individuals from the consequences of their own business decisions gone awry.  Therefore, it is an essential element of a claim under § 17200 that the public could be deceived by the alleged action at issue.  *See, e.g., Acree v. General Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 396 (2001); *Baymiller v. Guarantee Mut. Life Co.*, 2000 WL 33774562, at *5 (C.D. Cal. Aug. 3, 2000).  No where in their Amended Complaint do Plaintiffs allege that the actions they assert as the basis for their § 17200 claim could deceive the public.  Indeed, they have asserted numerous alleged actions that could not conceivably deceive the public, because the alleged statements or actions relate only to Plaintiffs or other existing RMCF franchisees with whom RMCF has an existing contractual relationship.

Although the scope of § 17200 is broad, it cannot be used as a tool to ask courts to rewrite or undo a contract.  *See Miron v. Herbalife Intern., Inc.*, 11 Fed. Appx. 927, 931 (9th Cir. 2001); *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1299 (1993).  In *Samura* the Plaintiffs complained about contractual provisions to which they had agreed.  While the Court recognized that in certain circumstances enforcement could be "unfair," the Court reject the notion that § 17200 was the tool intended to redress any such unfairness.  Rather, the doctrine of unconscionability would be the appropriate claim.  *Id*. at 1297-98.[3]

Moreover, Plaintiffs have failed to meet the required pleading standards.  To the extent the alleged unfair competition is premised on an alleged misrepresentation, Plaintiffs must satisfy the heightened pleading standards under Fed. R. Civ. P. 9(b).  *See Terarecon, Inc. v. Favra, Inc.*, 2006 WL 1867734 *5 (N.D. Cal. July 6, 2006).  Otherwise,

---

[3] Plaintiffs already tried this approach.  They first asserted a claim for unconscionability of the Franchise Agreement in the Colorado Action and the Court granted summary judgment to RMCF after discovery.  *Rocky Mountain Chocolate Factory v. SDMS*, 2007 WL 4268962 (D.Colo. November 30, 2007).  And Plaintiffs asserted the claim again in this action when they filed their initial complaint but abandoned the claim when they filed their Amended Complaint.

1  Plaintiffs must satisfy Fed. R. Civ. P. 8's requirements as defined under *Bell Atl. Corp. v.
2  Twombly*, 127 S.Ct. 1955 (2007).
3       As described below, Plaintiffs' Opposition underscores the fatal flaws of each
4  allegation Plaintiffs assert to support their claim.

- *Selling to third-party retailers at lower prices and failing to disclose such sales as alleged in ¶¶ 53(a)-(c), (i) and (l)*

Plaintiffs concede that their allegation in ¶ 53(b) that RMCF failed to disclose its sales of product to non-franchisee retailers fails (Opposition, p. 12:24 – 13:4). In addition, as explained above, Plaintiffs agreed to RMCF's right to sell through alternative channels of distribution, including specifically, "internet retailers" and wholesale to "unrelated retail outlets." (Franchise Agreement ¶ 3.3). They cannot now claim this right, to which they agreed, is unfair competition in violation in § 17200. *Samura*, 17 Cal. App. 4th at 1299 n.6.

- *Overcharging RMCF franchisees for product and shipping as alleged in ¶ 53(d)*

In response to RMCF's argument on this point, Plaintiffs merely make the conclusory claim that their allegation that RMCF sells product to third-party retailers at a lower price than to franchisees, if true, "contravenes society's current concepts of 'fairness.'" (*See* Opposition at p.13). Plaintiffs have provided no support for this claim – apparently that RMCF should charge some amount less than it does. In the absence of any legal authority for the proposition that setting one's own price constitutes actionable conduct, Plaintiffs' claim on this issue fails to state a claim as a matter of law.

- *Preventing communication and organization of failing RMCF franchisees as alleged in ¶ 53(e)*

Plaintiffs' mere conclusory reference to unidentified interference, disparagement, defamation and efforts to prevent franchisees from communicating and organizing are nothing more than labels. These labels do not suffice to give RMCF any notice as to the nature of Plaintiffs' claim and the nature of the challenged conduct, as is required of pleadings. *See Twombly*, 127 S.Ct. at 1964-65 (stating that labels are insufficient);

*Satterfield v. Ennis*, 2008 WL 2660970, 1 (D.Colo. 2008); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Further, Plaintiffs' reference in their Opposition to the CFIL's prohibition on a franchisor's prohibiting its franchisees from forming a franchise association does not save this claim. Plaintiffs' conclusory label does not allege facts sufficient for RMCF to respond, as there is no way to tell what they are claiming RMCF did to prohibit them from associating with other franchisees.

- *Employing contracts of adhesions as alleged in ¶ 53(f)*

Plaintiffs fail to make any showing how or why RMCF's franchise agreements are contracts of adhesion, or any showing to give RMCF notice of how the contracts could constitute an unfair business practice. Although Plaintiffs' Opposition refers to "their previous argument in this regard," the Opposition nowhere addresses the inadequacy of the claim that the Franchise Agreement is a contract of adhesion. Accordingly, Plaintiffs have conceded RMCF's argument on this issue. Moreover, Plaintiffs' claim fails as a matter of law. As contracts of adhesion are not by definition unenforceable, unfair, or illegal, *see Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001), the mere act of preparing and executing a contract of adhesion could not, by itself, constitute an illegal act or an action that is so unfair as to be actionable under § 17200.

- *Enforcing rights under the Franchise Agreement as alleged in ¶¶ 53(g)(k), (m), (n)*

As noted above, Plaintiffs did not address the fact that these claims were compulsory counterclaims. Even if the failure to have asserted the claims in Colorado did not defeat these claims, Plaintiffs' arguments are unavailing on the merits. Plaintiffs' attempt to frame their claim on the issue of the noncompete covenant as one of reasonableness fails on the merits. (Opposition at p. 17.) Whether or not the non-compete covenant at issue here is reasonable or enforceable is not the question. The question before the Court is whether RMCF's efforts to enforce the covenant constitute an unfair business practice. As covenants not to compete are enforceable under California and Colorado law to protect trade secrets, *see Scott v. Snelling & Snelling, Inc.*, 732 F. Supp.

1034, 1043 (N.D. Cal. 1990), and the United States District Court for the District of Colorado has held the same noncompete covenant at issue here (with respect to these same former franchisees) to be enforceable because it is necessary to protect trade secrets, (*see* Exhibit C to RMCF's Points and Authorities) (and Plaintiffs then stipulated to be bound by it), it is not a violation of § 17200 to attempt to enforce the covenant. Plaintiffs make no attempt to rebut RMCF's argument that they are barred from challenging the non-compete covenant because they agreed, for consideration, to be bound by it. As a result, Plaintiffs have conceded this argument.

Plaintiffs do not contest that RMCF has the contractual right to charge and collect marketing and royalty payments from its franchisees and to exercise an option to buy back the franchise Store upon termination of the franchise relationship. Further, any other unplead business practices in which RMCF might engage to "force" franchisees to remain in the franchise relationship would also have to arise from RMCF's exercise of its contractual rights under the Franchise Agreement. Plaintiffs' attempt to use § 17200 to prohibit any such unplead and unidentified actions, as well as to prohibit RMCF from collecting royalty or marketing payments or exercising its buy-back right upon termination, would be an attempt to redefine the parties' contractual rights or challenge enforcement of the same. Such an application of § 17200 goes beyond the statute's purpose, and, for this reason, these claim fail as a matter of law. *See Samura*, 17 Cal. App. 4th at 1299.

- *Using RMCF franchisees to diminish RMCF's expenses for its employees and manufacturing prices as alleged in ¶ 53(h)*

Plaintiffs' bald assertion that the allegations in ¶ 53(h) state a claim is insufficient to overcome the allegations' significant pleading deficiencies. The allegations in ¶ 53(h) set forth a conclusion, but provide no explanatory factual allegations to give RMCF notice as to what Plaintiffs' claim is, and from what allegedly unfair conduct it arises. To the extent RMCF uses revenue from franchisees to cover overhead, this cannot be actionable. Accordingly, the claim fails.

- *Withholding or misrepresenting financial information on store profits as alleged in ¶ 53 (j)*

Plaintiffs voluntarily withdrew this allegation and the claim should be dismissed with prejudice.

### III.   CONCLUSION

In light of the foregoing, RMCF respectfully requests that the Court grant its Motion to Dismiss and dismiss each of Plaintiffs' claims with prejudice.

DATED:  July 25, 2008                     **PERKINS COIE LLP**

By: *s/Steven C. Gonzalez*
           Steven C. Gonzalez,

Attorneys for Defendant
ROCKY MOUNTAIN CHOCOLATE FACTORY, INC.