# EXHIBIT A

1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD and BONNIE OVERTURF and THE OVERTURF COMPANY,** | **CASE NO. SACV 08-0365 AG (RNBx)** |
| **Plaintiffs,** | **ORDER GRANTING IN PART AND DENYING PART DEFENDANT'S MOTION TO DISMISS** |
| **v.** | |
| **ROCKY MOUNTAIN CHOCOLATE FACTORY, INC., BRYAN J. MERRYMAN, et al.,** | |
| **Defendants.** | |

Before the Court is the Motion of Defendants Rocky Mountain Chocolate Factory, Inc. ("Defendant RMCF") and Bryan Merryman ("Defendant Merryman"), to Dismiss for Failure to Sufficiently Plead a Claim, for Failure to State a Claim, for Failure to Allege that Consideration Failed in a Material Respect, for Lack of Standing, and Failure to State a Claim for Fraud. ("Motion"). After reviewing the moving, opposition, reply papers, and oral argument by the parties, the Court GRANTS in part and DENIES in part the Motion.

## BACKGROUND

Defendant RMCF is a franchisor of retail stores that sell gourmet chocolates and other premium confectionary products. In 2005, Plaintiffs Todd and Bonnie Overturf, and The

Overturf Company, ("Plaintiffs") entered into two franchise agreements with Defendant RMCF. One franchise agreement was for a retail store in Westminster, while the other was for a retail store in Huntington Beach.  When negotiating the Franchise agreement, Plaintiffs were supplied with a Uniform Franchise Offering Circular ("UFOC").  Plaintiffs signed the UFOC acknowledging that they had received the UFOC in adequate time to review it.  Plaintiffs also signed the franchise agreement agreeing to the terms.  (Franchise Agreement § 22.15.)

In 2008, Plaintiffs closed their Westminster store because it was not financially successful.  (First Amended Complaint ("FAC") ¶¶ 53-59.)  They now bring claims against Defendant RMCF, alleging: (1) breach of contract and covenant of good faith and fear dealing; (2) fraud; (3) failure of consideration; (4) violation of the California Franchise Investment Law; (5) violation of Cal. Bus. & Prof. Code § 17000 *et seq.*; (6) violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (7) fraud under Cal. Civil Code § 1571; and (8) conspiracy to commit fraud. Plaintiffs also allege that Defendant RMCF's Chief Operating Officer Defendant Merryman violated Cal. Bus. & Prof. Code § 17200.

Plaintiffs' FAC seeks: (1) general and special damages; (2) punitive or exemplary damages; (3) award of pre-judgment interest; (4) cost of suit; (5) preliminary and permanent injunction from Defendant RMCF conducting illegal, fraudulent, and unfair trade practices; (6) restitution of all royalties, marketing fees, and its profit on the shipment and sale of product; (7) disgorgement of revenues obtained by violating Cal. Bus. & Prof. Code § 17200; (8) penalties for violating Cal. Bus. & Prof. Code §§ 17200 and 17500; (9) attorneys' fees; and (10) any other relief.

**LEGAL STANDARD**

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to

Exhibit A Page 12

relief." Fed R. Civ. P. 8(a)(2). "Ordinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S.Ct. at 1965. Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level." *Id.*

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1988). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir. 1991).

## **ANALYSIS**

Defendant RMCF moves to dismiss Plaintiffs' first through eighth, eleventh, and twelfth

3

1    claims against it, as well as Plaintiffs' sixth, eleventh, and twelfth claims against Defendant

2    Merryman.  Defendant RMCF argues that: (1) Plaintiffs have not stated a claim; (2) Plaintiffs

3    have not alleged that consideration failed in a material respect; (3) Plaintiffs lack standing to

4    bring claims under the Cal. Bus. & Prof. Code § 17200; and (4) Plaintiffs have insufficiently

5    pled some claims.  Because Plaintiffs have withdrawn their fourth and fifth claims of action

6    against Defendant RMCF and their eleventh and twelfth claims of action against Defendant

7    Merryman, the Court discusses only the other claims for relief.

8

9        **1.    PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR A BREACH OF**

10            **CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH**

11            **AND FAIR DEALING**

12

13        Defendant RMCF argues that Plaintiff has not stated a claim for breach of the contract or

14    the implied covenant of good faith and fair dealing.  The Court agrees.

15        The Court applies Colorado law under the parties' Franchise Agreement.  (Plaintiffs'

16    Franchise Agreement § 22.1.)  Under Colorado law, a breach of contract requires: (1) the

17    existence of a contract; (2) performance by the plaintiff or some justification for

18    nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages

19    to the plaintiff.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

20        Under Colorado law, every contract contains an implied covenant of good faith and fair

21    dealing.  *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Col. 1995).  An implied covenant of good

22    faith and fair dealing requires "faithfulness to an agreed common purpose and consistency with

23    the justified expectations of the other party."  *Occusafe, Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d

24    618, 624 (10th Cir. 1995) (citation omitted); see *also Restatement (Second) of Contracts* § 205

25    cmt. a (1981).  However, "it will not contradict terms or conditions for  which a party has

26    bargained."  *Id.*; *Grossman v. Columbine Medical Center,* 12 P.3d 269, 271 (Col. 2000).

27        Plaintiffs allege that Defendant RMCF breached the contract and covenant of good faith

28

4

1 and fair dealing by: (1) advising Plaintiffs that the Westminster location had a "reasonable
2 occupancy cost"; (2) offering products to discount retailers at lower prices than those offered to
3 franchisees and failure to disclose such actions; (3) offering products to discount retailers not
4 available to franchisees and failure to disclose such actions; (4) failing to use marketing fees to
5 promote the franchisees; and (5) advising franchisees that the change in royalty structure
6 benefitted the franchisees.

7

### 1.1    Statement that the Westminster Location had a "Reasonable Occupancy Cost"

10

11      Plaintiffs allege Defendant RMCF told them that the Westminster location had a
12 reasonable occupancy cost.  (FAC ¶ 33.)  The Court is unaware of any provision of the contract
13 that is breached by such a statement.  Further, the Franchise Agreement and UFOC both state
14 that Defendant RMCF would not be liable for any oral representations made, that Plaintiffs
15 acknowledged and agreed that no representation had been made regarding the potential success
16 of the business, and that Plaintiffs were responsible for selecting their location.  (*See* Franchise
17 Agreement §§ 22.4, 22.15, UFOC § 19, and Closing Acknowledgement § 8.)  Thus, this
18 representation did not breach the contract.  Nor did it breach the implied covenant of good faith
19 and fair dealing.

20

### 1.2    Offers of Products to Discount Retailers at Lower Prices

22

23      Plaintiffs allege that Defendant RMCF sold products to discount retailers at lower prices,
24 and did not disclose that it would do so.  (FAC ¶¶ 19 and 65(b)-(c).)  But Defendant RMCF
25 disclosed that it reserved the right to sell its products "at any location other than at the
26 Franchised Location, including . . . unrelated retail outlets."  (Franchise Agreement § 3.3.) (*See
27 also* UFOC §12 and Closing Acknowledgement § 8.)  And, Defendant RMCF stated that it

28

**Exhibit A Page 15**

reserved the right to sell the products on "any terms and conditions as the Franchisor deems advisable, and without granting the Franchisee any rights therein." (Franchise Agreement § 3.3(3).) Thus, Plaintiffs have failed to state a claim for a breach of contract.

Plaintiffs have also failed to state a claim for breach of the implied covenant of good faith and fair dealing, because the right to sell to other retailers was a right expressly stated in the contract. The implied covenant of good faith and fair dealing cannot invalidate rights expressly granted in a contract. *See also Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc.*, 2007 WL 4268962, *4 (D.Colo.) (finding summary judgment appropriate because UFOC disclosed that RMCF would sell its products to third-party retailers.)

### 1.3     Offers of Different Products to Discount Retailers

Plaintiffs allege that Defendant RMCF breached the contract because it offered to third-party retailers products that were not available to Plaintiffs. (FAC ¶ 65(d).) But Defendant RMCF disclosed that it would sell "products and services similar to those which the franchisee will sell." (*See* Franchise Agreements § 3.3(3).) Thus, Plaintiffs have failed to state a claim that Defendant RMCF breached the contract or the covenant of good faith and fair dealing.

### 1.4     Failure to Use Marketing Fees to Promote the Franchisees

Plaintiffs allege that Defendant breached the contract and the implied covenant of good faith and fair dealing by failing to use marketing fees collected from the franchisees to promote the franchisees. The Franchise Agreement explicitly states that "[t]he Marketing and Promotion Fees will be administered by the Franchisor, in its sole discretion, and may be used for . . . expenditures relating to advertising the Franchisee's products and services." (Franchise Agreement § 12.3(d).) As the Franchise Agreement states, Defendant RMCF had the ability to use the marketing fees in its sole discretion. Thus, Plaintiffs have failed to state a claim that

6

Defendant RMCF was required under the contract to utilize the marketing fees to promote only the franchise system.

Plaintiffs have successfully stated a claim that Defendant RMCF breached the implied covenant of good faith and fair dealing.  While the marketing fee expenditures were in Defendant RMCF's discretion, it may well have been Plaintiffs' justified expectation that Defendant RMCF would apply at least some of their Marketing Fees in a way that would benefit them.

### 1.5    Statement that Change in Royalty Structure Would Benefit Franchisees

This statement did not breach any term of the contract and did not breach the implied covenant of good faith and fair dealing.

### 1.6    Conclusion

The Court DENIES Defendant RMCF's Motion to Dismiss Plaintiffs' First Claim for Relief only to the extent that Plaintiff has adequately stated a claim that Defendant RMCF's expenditure of the marketing fees breached the implied covenant of good faith and fair dealing. Otherwise, the Motion to Dismiss Plaintiffs' First Claim for Relief is GRANTED with leave to amend.

## 2.    PLAINTIFFS' SECOND CLAIM FOR RELIEF FOR FRAUD

Plaintiffs allege that Defendant RMCF committed fraud: (1) because Defendant RMCF approved the Westminster location, thus implying that the Westminster location would be financially successful  (FAC ¶ 69); (2) because Defendant RMCF's UFOC states that Defendant

7

RMCF does not have access to the sales information of its franchisees; and (3) because
Defendant RMCF's salesperson stated that a franchise would be suitable for Plaintiffs (FAC
¶¶ 33, 71.)  Defendant RMCF argues that none of these actions amount to fraud.

### 2.1    Approval of the Westminster Location

Plaintiffs allege that because Defendant RMCF approved the Westminster Mall location,
they represented that the business would be economically viable.  (FAC ¶ 69.)  But the Franchise
Agreement specifically states that "approval of a lease for the Franchised Location by the
Franchisor does not constitute a recommendation, endorsement or guarantee by the Franchisor of
the suitability of the location or the lease and the Franchisee should take all steps necessary to
ascertain whether such location and lease are acceptable."  (Franchise Agreement § 5.1.)  Thus,
because Defendant RMCF states in its Franchise Agreement that its approval of a franchise
location does not guarantee the success of the franchise, the Court finds that Plaintiff has failed
to state a claim against Defendant RMCF for fraud.  The Court GRANTS Defendant's Motion as
applied to this claim.

### 2.2    Statement that Defendant RMCF Lacked Access to Operating Costs of
###           its Franchisees

Plaintiffs allege that the UFOC makes a misrepresentation when it states that Defendant
RMCF did "not have access to nor knowledge of the expenses or costs incurred by each of the
169 franchised Stores." (UFOC § 19 n. 5.)  Plaintiffs argue that Defendant RMCF does have
access to that information, because its franchise agreement requires its franchisees to submit
quarterly financial statements.  (FAC ¶ 70.)

Defendant RMCF claims that Plaintiffs have not shown that Defendant RMCF actually
requested or obtained or otherwise had the relevant sales data.  Defendant RMCF also argues

8

that the fact that Defendant RMCF had the right to obtain financial statements does not necessarily mean that Defendant RMCF had "access to" the information.  (Motion 9:16-27.) The Court disagrees.  Plaintiffs have adequately pled this claim for fraud.  *See also SDMS, Inc.,* 2007 WL 4268962, *3 (D. Colo. 2007) (finding that the alleged misrepresentations in the UFOC amounted to a genuine issue of material fact and that franchisees may have relied on the misrepresentation).  The Court DENIES Defendant RMCF's Motion as to this claim.

### 2.3     Statement that this Franchise Would be Suitable for Plaintiffs

Plaintiffs allege that Defendant's salesperson, Kraig Carlson, ("Carlson"), stated that the franchise would be a suitable business for them.  Defendant RMCF asserts that it is not liable for any statements made by Carlson.  Both the Franchise Agreement and UFOC state that Defendant RMCF would not be liable for any oral representations made.  By signing those documents, Plaintiffs acknowledged and agreed that no representation had been made to them regarding the potential success of their business.  (*See* Franchise Agreement §§ 22.4, 22.15, UFOC Item 19, and Closing Acknowledgement § 8.)

Plaintiffs' UFOC states, in bold, that:

> Except for the information in this item, no representations or statements
> of actual, average, projected, forecasted or potential sales, costs, income
> or profits are made to franchisees by us. We do not furnish or make, or
> authorize our sales personnel to furnish or make, any oral or written
> information concerning the actual, average, projected, forecasted or
> potential sales, costs, income or profits of a franchise or prospects or

9

chances of success that any franchisee can expect or that present or past

franchisees have had, other than as set forth in this item. We disclaim

and will not be bound by any unauthorized representations.

(UFOC § 19 (7).)  Additionally, the Franchise Agreement states that Defendant RMCF "shall not

be liable or obligated for any oral representations or commitments made prior to the execution

hereof or for claims of negligent or fraudulent misrepresentation based on any such oral

representations or commitments."  (Franchise Agreement § 22.4.)  The Franchise Agreement

also states that "[t]he Franchisee further acknowledges and agrees that no representations have

been made to it by the Franchisor regarding projected sales volumes, market potential, revenues,

profits of the Franchisee's Rocky Mountain Chocolate Factory Store, or operational assistance

other than as stated in this Agreement or in any disclosure document provided by the Franchisor

or its representatives." (*Id.*)  Plaintiffs further agreed that they were "solely responsible for the

successful operation of [their Rocky Mountain] Store," acknowledged that the success of their

business involved substantial risks and depended upon their ability as independent business

persons, and agreed that Rocky Mountain had not made assurances or warranties as to the

potential success or earnings of their store. (*Id.* at § 22.15.)  *See also Kieland v. Rocky Mountain

Chocolate Factory*, 2006 WL 2990336, *4 (D. Minn. 2006) (finding that Defendant RMCF's

UFOC clearly stated that its sales personnel were not authorized to make any oral projections

regarding a franchisee's potential success).

Based on these contractual provisions, the Court GRANTS Defendant RMCF's Motion as

to this claim.

10

1
        **2.4     Conclusion**

2

3      The Court DENIES Defendant RMCF's Motion to Dismiss Plaintiffs' Second Claim for

4  Relief only to the extent that Plaintiff has adequately stated a claim that Defendant RMCF's

5  UFOC falsely stated that Defendant RMCF did not have "access to" cost information about its

6  franchisees.  Otherwise, the Motion to Dismiss Plaintiffs' First Claim for Relief is GRANTED

7  with leave to amend.

8

9      **3.     PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR A FAILURE OF**

10          **CONSIDERATION**

11

12      Plaintiffs allege that because Defendant RMCF sold its product to Costco and Target, that

13  the value of the mark, "Rocky Mountain Chocolate Factory," has been diminished, and thus

14  there was failure of consideration for this contract.  (FAC ¶ 76.)  A failure of consideration

15  results when there is a failure in a material aspect of the contract.  *See Restatement (Second) of*

16  *Contracts* § 237 (1981).  The Court finds that Plaintiffs have failed to adequately claim a failure

17  in a material aspect of the contract.

18      By entering a franchise agreement with Defendant RMCF, Plaintiffs received "the right to

19  use the Marks and Licensed Methods in connection with the establishment and operation" of a

20  store and to use the "the Marks and Licensed Methods, as they may be changed, improved, and

21  further developed by the Franchisor."  (Franchise Agreement § 2.1.)  Plaintiffs have not alleged

22  that they were deprived of any of those rights.  They only allege that the value of those rights has

23  diminished as a result of Defendant RMCF's treatment of the marks.  This is not a failure of a

24  material aspect of the contract, especially since Defendant RMCF explicitly reserved the right to

25  change, improve, and further develop the marks and licensed methods.  Thus, Defendant's

26  Motion is GRANTED with leave to amend as to Plaintiffs' Third Claim for Relief.

27

28

Exhibit A Page 21

**4.      PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE**

According to the Opposition to the Motion to Dismiss ("Opposition"), Plaintiffs have withdrawn this claim.

**5.      PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR UNCONSCIONABLE CONTRACT**

According to the Opposition, Plaintiffs have withdrawn this claim.

**6.      PLAINTIFFS' SIXTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE CALIFORNIA FRANCHISE INVESTMENT LAW**

The California Franchise Investment Law ("CFIL") governs how franchises are established. The CFIL's provisions were designed to protect franchise investors from unfair contracts and business practices.  *See Thueson v. U-Haul Intern., Inc.*, 144 Cal.App.4th 664, 675 (2006).  Plaintiffs allege that Defendant RMCF violated the CFIL by: (1) not providing cost and expense information (FAC ¶¶ 90, 91); and (2) misrepresenting that a franchise would be a perfect business for them.  (FAC ¶¶ 33, 90.)  The Court will discuss both allegations.

**6.1      Failure to Provide Cost and Expense Information**

Plaintiffs allege that Defendant RMCF and Defendant Merryman violated Cal. Corp. Code § 31202, which states that "[i]t is unlawful for any person willfully to make any untrue statement of a material fact in any statement required to be disclosed in writing pursuant to § 31101, or willfully to omit to state in any such statement any material fact which is required to be stated therein."  Plaintiffs assert that Defendant RMCF violated this provision by not

12

1   adequately disclosing franchise cost and expense information in the UFOC.

2           But California law states that a UFOC need not disclose cost and expense information, as

3   long as the UFOC makes clear that cost and expense information is not being disclosed.  Cal.

4   Admin. Code tit. 10 § 310.114.1(c)(6).  Defendant's UFOC's disclosure states in capital letters,

5   "Caution: While the attached figures represent actual gross sales of franchised stores during out

6   most recent fiscal year ended February 28, 2005, the following data should not be considered as

7   the actual, potential or probable gross sales that will be realized by you or any other

8   franchisees."  UFOC § 19.  Thus, Defendant RMCF did not violate the CFIL as its UFOC clearly

9   stated that it was only providing the gross sales information.

10          In their opposition, Plaintiffs also argue that their CFIL claim is based on the false

11   statement in the UFOC that Defendant RMCF did not have access to the cost data.  But Plaintiffs

12   do not show that this untrue statement occurred "in [a] statement required to be disclosed in

13   writing pursuant to Cal. Corp. Code § 31101."  Cal. Corp. Code § 31202.  Thus, this allegation

14   does not show a violation of the CFIL.

15

16          **6.2     Statement that a Franchise Would be Suitable for Plaintiffs**

17

18          Plaintiffs also contend that Carlson's alleged statement that a franchise would be suitable

19   for Plaintiffs violates the CFIL.  (FAC ¶ 90.)  But as explained, Defendant RMCF is not liable

20   for any statements made by its representatives.

21

22          **6.3     Conclusion**

23

24          The Court finds that Plaintiffs have not stated a claim against Defendant RMCF under the

25   CFIL.  As a result, the Court also finds that Plaintiffs have not stated a claim against Defendant

26   RMCF's Chief Operating Officer, Defendant Merryman.

27

28

13

1    Thus, the Court GRANTS the Motion with leave to amend as to Plaintiffs' Sixth Claim

2    for Relief.

3

4    **7.      PLAINTIFFS' SEVENTH CLAIM FOR RELIEF FOR VIOLATIONS OF**

5    **CALIFORNIA BUSINESS & PROFESSIONS CODE § 17000**

6

7    Plaintiffs allege that Defendant RMCF violated Cal. Bus. & Prof. Code § 17000, *et seq*. because:

8    (1) Defendant RMCF made misrepresentations regarding access to the costs of the franchisees;

9    (2) Carlson falsely stated that a franchise was suitable for Plaintiffs; and (3) Defendant RMCF

10   offered discounted and different products to other retailers.  FAC ¶ 97 (a-e).  The purpose of Cal.

11   Bus. & Prof. Code § 17000, *et seq*. is to "safeguard the public" from "practices by which fair and

12   honest competition is destroyed or prevented."  § 17001.  The Court finds that Plaintiffs have not

13   alleged any acts that are prohibited under Cal. Bus. & Prof. Code § 17000, *et seq*.

14

15   **7.1      Misrepresentation About Access to Cost Information.**

16

17   Although the Court does find that Plaintiffs have sufficiently alleged that the UFOC

18   contained a misrepresentation about Defendant RMCF's  access to the cost and expense

19   information of its franchisees, this claim is not actionable under Cal. Bus. & Prof. Code § 17000,

20   *et seq*.  *See* Cal. Bus. & Prof. Code §§ 17040-17051.  Thus, the Court dismisses this allegation

21   against Defendant RMCF.

22

23   **7.2      Carlson's Statement that a Franchise was Suitable for Plaintiffs**

24

25   As stated in Section 2(c) above, Defendant RMCF is not liable for Carlson's statements.

26   Thus, the Court dismisses this allegation against Defendant RMCF.

27

28

14

1
           **7.3     Sales of Products to Discount Retailers**

2

3
       Plaintiffs argue that Defendant RCMF violated Cal. Bus. & Prof. Code § 17000, *et seq.*

4
by selling different products at a cheaper price to third-party retailers.  This appears to be a claim

5
under Cal. Bus. & Prof. Code § 17045 ("§ 17045").  Section 17045 states "that the secret

6
payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the

7
form of money or otherwise, or secretly extending to certain purchasers special services or

8
privileges not extended to all purchases purchasing upon like terms and conditions" is unlawful

9
when a competitor is injured and where the payments destroy competition.

10
       To state a claim under § 17045, Plaintiffs must allege that purchasers were purchasing on

11
"like terms and conditions." *Eddins v. Redstone*, 134 Cal.App. 4th 290, 332-33 (2006).  Yet,

12
Plaintiffs' factual allegations appear to establish that the third-party retailers were purchasing on

13
different terms and conditions.  (FAC ¶¶ 97(d)-(e).)  *See also Windsor Auctions, Inc. v. eBay,*

14
*Inc.,* 2008 WL 2622791, *5 (N.D.Cal. 2008).  Accordingly, § 17045 does not provide Plaintiffs

15
with relief.

16
       Additionally, under § 17042, Defendant is permitted to sell differently priced products to

17
different customers.  Section 17042(c) states that "a differential in price for any article of

18
product as between any customers in different functional classifications" is not prohibited.

19
"Wholesaler" and "retailer" are different functional classifications.  § 17042(b).  Thus, because

20
the third-party retailers like Costco are considered wholesalers, and the franchisees are

21
considered retailers, Defendant RMCF has not violated § 17042.

22

23
           **7.4    Conclusion**

24

25
       The Court finds that Plaintiffs have failed to state a claim under the Cal. Bus. & Prof.

26
Code § 17000, *et seq*.  Thus, the Court GRANTS with leave to amend Defendant RMCF's

27
Motion as to the Plaintiffs' Seventh Claim for Relief.

28

1    **8.    PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR VIOLATIONS OF**
2    **§ 17200 OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**

3

4    Plaintiffs' eighth claim for relief alleges that Defendant RMCF violated Cal. Bus. and
5    Prof. Code § 17200 *et seq*. ("§ 17200").  Section 17200 states that "unfair competition shall
6    mean and include any unlawful, unfair or fraudulent business act or practice and unfair,
7    deceptive, untrue or misleading advertising and any act prohibited" under Cal. Bus. & Prof.
8    Code § 17500.   Plaintiffs allege that Defendant RMCF committed sixteen different unfair and
9    unlawful acts, including the oral and written misrepresentations made regarding Defendant
10   RMCF's access to cost and expense information.  Because the Court has already found that
11   Plaintiffs have sufficiently alleged that Defendant RMCF committed fraud when it stated that it
12   did not have access to cost and expense information, the Court finds that Plaintiffs have
13   sufficiently pled a claim under § 17200.  Defendant RMCF's Motion to Dismiss the Plaintiffs'
14   Eight Claim for Relief is DENIED.

15

16   **9.    PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FOR FRAUD**

17

18   According to the Opposition, Plaintiffs have withdrawn this claim as alleged against
19   Defendant Merryman.

20   Plaintiffs allege that Carlson made misrepresentations to them concerning the franchise's
21   potential sales.  Plaintiffs allege that Plaintiffs' realtor emailed to them and to Carlson a list of
22   sales information about the other food stores in the Westminster Mall.  Plaintiffs asked Carlson
23   about the figures in the email.  In response, Carlson stated that, in his experience, a franchise
24   would have 40% of the gross sales of a See's Candies store.  (FAC  ¶¶ 41, 133, 134.)  Plaintiffs
25   contend that that statement constitutes fraud.

26   Again, Plaintiffs' UFOC and Franchise Agreement clearly state that Defendant RMCF
27   does not authorize its sales personnel to make any projections about a franchise's potential

28

16

success.  Thus, the Court GRANTS with leave to amend Defendant RMCF's Motion as to Plaintiffs' Eleventh Claim for Relief.

### 10. PLAINTIFFS' TWELFTH CLAIM FOR RELIEF FOR CONSPIRACY TO COMMIT FRAUD

According to the Opposition, Plaintiffs have withdrawn this claim as alleged against Defendant Merryman.

The Court has dismissed Plaintiffs' Eleventh Claim for Relief for Fraud.  Accordingly, the Plaintiffs' Twelfth Claim for Relief for Conspiracy to Commit Fraud also fails.  The Court GRANTS Defendant RMCF's Motion to Dismiss the Twelfth Cause of Action, with leave to amend.

17

**DISPOSITION**

Defendant RMCFs' Motion is GRANTED with leave to amend as to Plaintiffs' Third, Sixth, Seventh, Eleventh, and Twelfth claims as alleged against them. Defendant RMCF's Motion is GRANTED with leave to amend as to Plaintiffs' Sixth Claim for Relief as alleged against Defendant Merryman. Defendant RMCF's Motion is DENIED as to Plaintiffs' First, Second, and Eighth Claims for Relief. If Plaintiffs desire to do so, they shall file a second amended complaint within 21 days hereof setting forth adequate allegations against Defendants RMCF and Merryman regarding the amendable claims. The second amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

IT IS SO ORDERED.

DATED: July 21, 2008

Andrew J. Guilford
United States District Judge

18