**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SDMS, Inc., et al.,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>ROCKY MOUNTAIN CHOCOLATE<br>FACTORY, INC.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08 CV 0833 JM (AJB)<br><br>**ORDER REQUESTING FURTHER BRIEFING** |

Plaintiffs are former franchisees of defendant Rocky Mountain Chocolate Factory, Inc. They filed a first amended complaint ("FAC") in this action on May 13, 2008. Plaintiffs assert claims for violation of California Business and Professions Code §§ 17000 and 17200, arising out of the franchise agreement with Defendant. On June 24, 2008, Defendant moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. no. 7.) Plaintiffs filed an opposition and Defendant a reply. The court took the motion under submission on August 1, 2008.

**I.　CHOICE-OF-LAW AND FORUM-SELECTION CLAUSES**

In its reply, Defendant notes in a footnote that the franchise agreement contains a choice-of-law clause. (Reply at 3 n.2.) The clause states, inter alia, that "any disputes between the parties shall be governed by and determined in accordance with the substantive laws of the state of Colorado, which laws shall prevail in the event of any conflict of law." (FAC, Exh. 2 (Franchise Agreement) at 31 ¶ 22.1.) The clause also states that "all parties agree that the exclusive venue for disputes

between them shall be in the state courts in La Plata County, Colorado and federal courts located in Colorado[.]" (Id.) Defendant briefly argues that the court should enforce the choice-of-law provision and dismiss the complaint outright. (See Reply at 3 n.2.) Defendant does not address the forum-selection clause. Plaintiffs reference these issues in the FAC (see FAC at 10-11 ¶¶ 35-37) and do not address the issues in their opposition papers.

The court hereby **REQUESTS** further briefing regarding the enforceability and of the choice-of-law and forum-selection clauses, and the impact of the clauses on the viability of Plaintiff's California-law claims.

The parties should keep the following principles in mind in addressing the court's request regarding the choice-of-law clause. Federal courts look to the law of the forum state in resolving choice of law issues. See Ticknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 937 (9th Cir. 2001); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir. 1988). "In determining the enforceability of . . . contractual choice-of-law provisions, California courts shall apply the principles set forth in the Restatement (Second of Conflict of Laws) section 187 which reflects a strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Super. Ct., 3 Cal.4th 459, 464 (1992). Section 187 provides, in pertinent part:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the role of section 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (2d) of Conflict of Laws §187(2) (1988). In determining the enforceability of a contractual choice-of-law provision, the court must first determine (1) whether the chosen state has a substantial relationship to the parties or transaction or (2) whether there is any other reasonable basis for the parties' choice of law. If either test is met then the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no conflict, the court must enforce the parties' choice of law. If there is a fundamental conflict with California law, the

court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue. If California has a materially greater interest, then the choice-of-law provision will not be enforced. See Nedlloyd, 3 Cal.4th at 464-466. Finally, California has a "strong policy favoring enforcement" of choice of law provisions. ABF Capitol Corp. v. Osley, 414 F.3d 1061, 1065 (9th Cir. 2005).

## II. ABSTENTION

The parties also discuss a simultaneous ongoing lawsuit brought by Defendant against Plaintiffs in the federal district court for the District of Colorado. Defendant's motion refers to this as the "Colorado action." (Mot. at 2; see also id., Exh. B (Amended Comp., Civ. Case No. 06cv01212 WYD (BNB) (D. Col. 2006)).) According to Defendant, the Colorado court granted in part and denied in part the parties' cross-motions for summary judgment (see id., Exh. H (Summary Judgment Order)), and trial is set for November 2008 in the Colorado action (Mot. at 1.) The Colorado action appears to involve issues similar to those raised in the instant case.

In light of the Colorado action, the court also **REQUESTS** further briefing regarding issues of abstention which may be implicated in this case. Such briefing should address, but is not limited to, whether the court should abstain under the doctrine articulated in Younger v. Harris, 401 U.S. 37 (1970).

## III. CONCLUSION

In sum, the court hereby **ORDERS** the parties to submit further briefing, as discussed above, regarding (1) the choice-of-law clause and forum-selection clause; and (2) abstention issues, including the Younger doctrine.

Plaintiffs are ordered to file and serve a supplemental brief, limited to eight pages, no later than September 5, 2008. Defendant is ordered to file and serve a response, limited to eight pages, no later than September 12, 2008.

**IT IS SO ORDERED.**

DATED: August 27, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge