# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SDMS, INC., THOMAS P. ANDERSON, and KEN PECUS,<br><br>                             Plaintiffs,<br><br>   vs.<br><br>ROCKY MOUNTAIN CHOCOLATE FACTORY, INC.,<br><br>                             Defendant. | CASE NO. 08 CV 0833 JM (AJB)<br><br>**ORDER GRANTING IN PART AND STAYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 7) |

Plaintiffs, SDMS, INC., a California sub-chapter "S" corporation, Thomas P. Anderson, and Ken Pecus ("Plaintiffs" or "SDMS") are former franchisees of Defendant Rocky Mountain Chocolate Factory, Inc. ("Defendant" or "RMCF"), a Colorado corporation. Plaintiffs filed a First Amended Complaint ("FAC") on May 13, 2008, asserting claims for violations of California Business and Professions Code §§ 17000 and 17200. Doc. No. 3. Plaintiffs seek an award of damages, restitution of all royalties, marketing fees, and profits on RMCF products purchased by Plaintiffs, and attorneys' fees. FAC 17. Plaintiffs ask for injunctive relief with respect to RMCF's allegedly unfair business practices, along with ancillary equitable relief including contract rescission, restitution, and ancillary damages. FAC ¶ 58. In addition, although no other California franchisees are parties to the suit, Plaintiffs request preliminary and permanent injunctive relief, imposition of statutory penalties, and restitution for RMCF's allegedly illegal activities with respect to each franchisee. FAC 17. Finally,

1 Plaintiffs ask the court to declare all RMCF's California franchise agreements null and void, and to
2 enjoin RMCF from replacing the agreement documents. FAC ¶ 57.

3 On June 24, 2008, Defendant moved to dismiss Plaintiffs' FAC pursuant to Federal Rule of
4 Civil Procedure 12(b)(6). Doc. No. 7. After the posting of Plaintiff's opposition and Defendant's
5 reply, the court took the matter under submission on August 1, 2008. On August 27, 2008, the court
6 requested further briefing from the parties on the issues of choice of law, forum selection, and
7 abstention. Doc. No. 15. The parties responded as requested. For the reasons set forth below, the
8 court **GRANTS** the motion to dismiss in part and **STAYS** ruling on the motion to dismiss in part.

## I. Background

At the time of the FAC filing, RMCF had sold approximately 70 franchise locations in California. FAC ¶ 11. Prior to the sale of these California franchises, RMCF issued pre-sale disclosures as mandated by state and federal law, including the California Franchise Investment Law ("CFIL", Cal. Corp. Code § 31000, *et seq*.), the Federal Trade Commission ("FTC") Act (15 U.S.C. § 45), and the FTC Disclosure Rule, 16 C.F.R. § 436. FAC ¶ 16. In June 2003, Plaintiffs contacted RMCF regarding franchise opportunities for a retail gourmet chocolate store in downtown San Diego, California. FAC ¶ 9. After reviewing RMCF's Uniform Franchise Offering Circular ("UFOC," FAC, Ex. 1) and Franchise Agreement (FAC, Ex. 2) with counsel, Plaintiffs signed the Franchise Agreement in August 2003, and opened the San Diego store in February 2004. Mot. to Dismiss 2:1-3; FAC ¶ 25.

In early May 2006, due to the franchise's poor performance, Plaintiffs sought RMCF's approval to sell non-RMCF confectionaries but their request was denied. FAC ¶ 27. On May 11, 2006, Anderson wrote RMCF a letter expressing SDMS' desire to disassociate from RMCF and operate a competing business in the existing location. FAC ¶ 28. RMCF then filed an action against Plaintiffs in Colorado state court seeking injunctive and declaratory relief with respect to its trademark and trade secret rights under the Franchise Agreement. FAC ¶ 33 ("the Colorado Action"). The action was removed by SDMS to the United States District Court for the District of Colorado. FAC ¶ 33. Following a lengthy period of unsuccessful settlement negotiations, during which the Colorado

Action was stayed, RMCF sent Plaintiffs a notice of default for failure to pay royalties pursuant to the Franchise Agreement. Mot. to Dismiss 2:17-19. After Plaintiffs failed to cure, RMCF terminated the Franchise Agreement. Mot. to Dismiss 2:19-20. On October 20, 2006, RMCF filed an Amended Complaint in the Colorado Action asserting claims under the Lanham Act and the Colorado Trade Secret Act, as well as breach of contract claims. FAC ¶ 33; Mot. to Dismiss, Ex. B. RMCF also sought a declaratory judgment for enforcement of post-termination provisions of the Franchise Agreement, including a clause forcing sale of franchise assets back to RMCF and a non-compete clause. FAC ¶ 33.

On November 7, 2006, Plaintiffs filed an Answer and Counter-Claims in the Colorado Action, and filed amended pleadings on April 17, 2007. Mot. to Dismiss, Exs. D and E. Plaintiffs' counter-claims sought: a) rescission and damages for material misrepresentations in a Registration Application under CFIL (Cal. Corp. Code §§ 31200, 31201, 31300, and 31301); b) damages for improper termination of a franchise under Cal. Bus. & Prof. Code § 20035; c) rescission for fraud in the inducement; d) rescission for unconscionable contract under Col. Rev. Stat. § 4-2-302; and e) damages for fraud, breach of contract, and breach of the covenant of good faith and fair dealing. FAC ¶ 34; Mot. to Dismiss, Ex. E ¶ 25-60. Following the court's order on cross-motions for summary judgment on November 30, 2007, Plaintiffs filed their complaint here on May 7, 2008. Trial in the Colorado Action is set for November 3, 2008 and will address only RMCF's claim for breach of contract and SMDS's claim of fraud in the inducement with respect to one alleged misrepresentation (access to cost and expense information of individual franchises) in the UFOC. FAC ¶ 39; Mot. to Dismiss, Ex. H.

**II. Legal Standards**

    **A. Dismissal under Rule 12(b)(6)**

Although a Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, it is warranted where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a 12(b)(6) motion, the court must

accept the complaint's factual allegations as true and construe them in the light most favorable to Plaintiff. See, e.g., Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). However, such "allegations must be enough to raise a right to relief above the speculative level" and provide "plausible grounds to infer" plaintiff is entitled to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007). In addition, a court may properly dismiss a claim under Rule 12(b)(6) if it is shown to be barred by preclusion or Fed. R. Civ. Pro. 13 governing compulsory counterclaims. Baker v. Gold Seal Liquors, 417 U.S. 467, 469, n.1 (1974); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)(internal quotation marks omitted).

Dismissal without leave to amend is appropriate only when the court is satisfied the deficiencies of the complaint could not possibly be cured by amendment. Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003)(citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

**B. Compulsory Counterclaims and Preclusion Doctrines**

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. Pro. 13(a). In determining whether a claim is compulsory, the Ninth Circuit applies the liberal "logical relationship test" and "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues should be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Amer., 827 F.2d 1246, 1249 (9th Cir. 1987). Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Robi v. Five Platters Inc., 838 F.2d 318, 322 (9th Cir. 1988)(quotations omitted). The purpose of this rule is "to prevent

1  multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of
2  common matters." S. Constr. Co. v. Pickard, 371 U.S. 57, 60 (1962).

3  "If a defendant fails to bring a compulsory counterclaim, he is barred from asserting that claim
4  in a future proceeding." Sparrow v. Mazda Amer. Credit, 385 F.Supp.2d 1063, 1066 (E.D. Cal.
5  2005)(citing Gold Seal Liquors, 417 U.S. at 469, n.1). In co-pending actions, the bar does not take
6  effect in the later-filed matter until the claim or issue is determined by the court in the first-filed case,
7  or until the first action concludes without the plaintiff raising the compulsory counterclaim. Wright,
8  Miller & Kane, 6 Fed. Prac. & Proc. Civ.2d § 1418 (2008). Depending on the finality of the
9  disposition in the former court, the court hearing the second action may stay its proceedings or dismiss
10 the claims with leave to amend in the prior action. Id.

12 **III. Analysis**
13     **A. Applicability of California Law**
14 By executing the Franchise Agreement, the parties contractually agreed to apply Colorado law
15 to any disputes arising thereunder: "...any disputes between the parties shall be governed by and
16 determined in accordance with the substantive laws of the state of Colorado, which laws shall prevail
17 in the event of any conflict of law." Mot. to Dismiss, Ex. A at 31, § 22.1. Should the court determine
18 Colorado law applies to this dispute, Plaintiffs' claims under California law must be dismissed.
19 Plaintiffs argue this choice-of-law provision is unenforceable in California, despite California
20 courts' "strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Superior
21 Court, 2 Cal.4th 459, 464 (1992). To prevail on this matter, Plaintiffs must demonstrate Colorado
22 state "law is contrary to a fundamental policy of California." Id. at 466. Plaintiffs fail to make such
23 a strong showing. Notably, Plaintiffs invoked the protections of Colorado statutory and common law
24 without protest in several of their Colorado Action counter-claims. See Mot. to Dismiss, Ex. E.
25 Plaintiffs also argue the clause is unenforceable because they never clearly agreed to the
26 application of Colorado law. Plaintiffs point to language in the Addendum to the RMCF Offering
27 Circular for the State of California, which states, "[t]he Franchise Agreement requires application of
28 the laws of the State of Colorado. This provision may not be enforceable under California law." FAC,

1  Ex. 1. In Winter v. Window Fashions Prof'ls, Inc., 166 Cal.App.4th 943 (2008), the court found
2  forum selection and choice of law clauses, coupled with the same disclaimer recited above,
3  unenforceable for lack of a "meeting of the minds." See also, Laxmi Inv., LLC v. Golf USA, 193 F.3d
4  1095, 1097 (9th Cir. 1999).  However, even if this court concluded the parties are not bound by the
5  choice-of-law provision, application of California law is not guaranteed.  Rather, in the absence of a
6  valid choice-of-law clause, the court in a diversity case must determine the applicable law according
7  to the forum state's choice of law rules.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941);
8  Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002).  Both Colorado and California follow Restatement
9  (Second) Conflict of Laws principles in this regard, and so should reach the same conclusion.
10 Nedlloyd Lines, 3 Cal.4th at 464; Wood Bros. Homes, Inc. v. Walker Adjustment Bureau, 601 P.2d
11 1369 (Colo. 1979).

12       The Colorado federal court heard claims arising under California code sections specifically
13 applicable to RMCF's California UFOC disclosures (Cal. Bus. & Prof. Code ¶¶ 20020 et seq., CFIL).
14 Mot. to Dismiss, Ex. H.  However, the Colorado court applied Colorado substantive law to the fraud,
15 unconscionability, and breach of covenant of good faith claims which embodied the same basic facts
16 alleged here.  Mot. to Dismiss, Ex. H.  In addition, Plaintiffs' motion to transfer venue from Colorado
17 to the Southern District of California, which by definition includes consideration of conflict of laws
18 issues, was denied by the Colorado court on December 8, 2006.  Mot. to Dismiss, Ex. C at 12-14.
19 Undeterred, Plaintiffs filed their initial complaint in this court on May 7, 2008.  Since the choice of
20 law issue has not been expressly decided by Colorado court, however, this court stays resolution of
21 the question pending the outcome in the Colorado case.

### B. Plaintiffs' First Claim for Relief under Cal. Bus. & Prof. Code § 17000 (Unfair Business Practices Law)

#### 1. Claim and Issue Preclusion

Plaintiffs' § 17000 claim alleges RMCF engaged in unfair business practices by: 1) selling its products directly to discount retailers such as Costco.com; 2) offering such products to discount retailers at a lower cost than to Plaintiffs; 3) offering products to discount retailers that were unavailable to Plaintiffs; and 4) failing to disclose such actions to Plaintiffs prior to execution of the

1  Franchise Agreement. FAC ¶ 46. The same facts and alleged misrepresentations formed the basis of
2  several of Plaintiffs' fraud and misrepresentation counterclaims against RMCF in the Colorado
3  Action. See Mot. to Dismiss, Ex. E, ¶¶ 14, 26, 31, 39, 48.

4  The claim preclusion defense is "applicable whenever there is (1) identity of claims, (2) a final
5  judgment on the merits, and (3) privity between parties." Stratosphere Litig. L.L.C. v. Grand Casinos,
6  Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002). The "identity of claims" requirement is not determined
7  by the legal label applied to the issues, but to the "nucleus of facts" involved. Tahoe Sierra Pres.
8  Council, Inc. v. Tahoe Reg'l Planning, 322 F.3d 1064, 1078 (9th Cir. 2003). Here, the facts alleged
9  in each case are identical.

10  The Colorado federal court found RMCF, through the UFOC and Franchise Agreement,
11  disclosed itself to be a competitor via sales to third-party retailers, and granted RMCF's Motion for
12  Summary Judgment on Plaintiffs' fraud and misrepresentation claims based on these facts. Mot. to
13  Dismiss, Ex. H at 7. Contrary to Plaintiffs' suggestion, a judgment may have preclusive effect even
14  if it is not "final" under Fed. R. Civ. Pro. Rule 54. Opp. 8. A summary judgment order qualifies as
15  a judgment on the merits for preclusion purposes. Jackson v. S.I. Hayakawa, 605 F.2d 1121, 1125 n.3
16  (9th Cir .1979), cert. denied, 445 U.S. 952 (1980). The parties here are the same as in the Colorado
17  Action, satisfying the privity requirement.

18

19  **2. Failure to State a Claim under § 17000**

20  Even if Plaintiffs' claim was not precluded, they fail to state a claim under § 17000. The
21  purpose of the California statute is to "safeguard the public" from "practices by which fair and honest
22  competition is destroyed or prevented." Cal. Bus. & Prof. Code § 17001. To properly state a § 17000
23  claim, Plaintiffs must allege conduct specifically prohibited in the Act. See Cal. Bus. & Prof. Code
24  §§ 17040-17051. Plaintiffs do not direct the court to specific Act provisions in their FAC, but mention
25  § 17040 (prohibiting "locality discriminations in price with the intent to destroy competition"), §
26  17044 (prohibiting sales of product below cost to the manufacturer where the effect is to harm
27  competition), and § 17045 (prohibiting grants to "some but not all purchasers purchasing on the same
28  terms and conditions secret payments or allowances tending to destroy competition") in their

Opposition papers. Opp. 5:1-7. Even so, Plaintiffs have not alleged facts showing RMCF engaged in any proscribed conduct. For example, Plaintiffs have not asserted RMCF sold products to third-party retailers at costs below *manufacturing* costs as required by § 17044.

With respect to § 17045, Plaintiffs contend RMCF's sale of products, some available and others unavailable to franchisees, to discount retail outlets at a lesser per-unit cost than those sold within the RMCF franchise system constituted unfair competition. FAC ¶¶ 13, 14. Plaintiffs admit RMCF expressly reserved the right to sell products via

> alternative channels of distribution other than through traditional Rocky Mountain Chocolate Factory stores..., including but not limited to...the Internet, catalog, television, retail store display or through the wholesale sale of its products to unrelated retail outlets or to candy distributors or outlets located in stadiums, arenas, airports, turnpike rest stops or supermarkets ....

Opp. 2:18-26. Despite this contractual language, Plaintiffs argue RMCF's non-exhaustive list of potential channels and use of such channels, including discount retailers such as Costco.com, constituted a misrepresentation to Plaintiffs and an unfair business practice intended to deceive the public. Opp. 5-7. These precise factual issues were addressed by the U.S. District Court for the Central District of California in a case brought by a different California franchisee against RMCF and dealing the same Franchise Agreement terms. Overturf v. Rocky Mountain Chocolate Factory, Case No. SACV 08-0365, Order Granting in Part and Denying in Part Defendant's Mot. to Dismiss at 15 (C.D. Cal. July 21, 2008). This court agrees with its sister court's analysis. The question of misrepresentation of contract terms to Plaintiffs is not actionable under Cal. Bus. & Prof. Code § 17000 et seq. Also, Plaintiffs' factual allegations appear to show franchisees and third-party retailers were purchasing on *different* terms and conditions, contrary to the § 17045 requirement. FAC ¶¶ 13-14. In fact, under § 17042, RMCF is permitted to sell differently priced products to different customers, as "a differential in price for any article of product as between any customers in different functional classifications" is allowable. § 17042(c). Under § 17042(b), RMCF may reasonably classify third-party retailers like Costco.com as "wholesalers," a different functional classification under § 17042(b) from the "retailer" franchisees.

**C. Plaintiffs' Second Claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq., "UCL")**

### 1. Compulsory Counterclaims and Preclusion

Although Plaintiffs couch their § 17200 claim in California statutory language, the claim deals factually with the same "transaction or occurrence" that is the basis of the Colorado Action: the UFOC and Franchise Agreement terms, their enforceability, and the parties' conduct in carrying out their contractual obligations. Several of the factual allegations supporting Plaintiffs' § 17200 claims are precisely the facts alleged in Plaintiffs' § 17000 claim and are precluded for the same reasons. See FAC ¶ 53, a-c, i, l. Several additional allegations focus on issues previously addressed by the Colorado federal court in its summary judgment order. See FAC ¶ 53, d (costs of RMCF products and shipping), f (unconscionable contract of adhesion), g (application of Colorado law and enforcement of non-compete clause), k (post-termination dealings), n (charging and collecting marketing fees from RMCF franchisees which were not used to directly support the franchisees); Mot. to Dismiss, Exs. C, F, G and H. Plaintiffs are precluded from re-litigating these issues under an unfair competition label. To the extent Plaintiffs' claims are based on these facts, they are dismissed without prejudice.

In addition, Plaintiffs assert RMCF was: e) interfering, disparaging, defaming and otherwise trying to prevent communication and organization of failing RMCF frachisees; h) using independently owned an operated RMCF franchisees to diminish RMCF's expenses for its employees and manufacturing practices; j) misrepresenting and deliberately withholding information and financial data about the profitability of the RMCF franchised retail store; and m) charging and collecting royalty payments from RMCF franchisees. FAC ¶ 53. Although Plaintiff's present claims are brought under California's unfair business practices statutes, they deal with issues of formation, enforceability, and breach of the same contract at issue in the Colorado Action. The essential facts of the claims are "logically connected" to the issues before the Colorado court, such that they form part of the same "transaction or occurrence." The Colorado court has not expressly ruled on these remaining issues,[1] but the questions are sufficiently related to the subject matter before it to qualify as Rule 13 compulsory counterclaims. As discussed above, this court has the discretion to stay its ruling in the present action pending resolution of the Colorado case.

---

[1] In fact, item (j) is one issue pending in the upcoming litigation between the parties in the Colorado Action. Mot. to Dismiss, Ex. H. Items (e) and (h) were not presented to the Colorado court.

//
//
//

### 2. Failure to State a Claim under § 17200

#### a. Unavailability of Certain Requested Relief

As a measure of relief, Plaintiffs request damages, disgorgement and restitution, and assessment of monetary penalties, not only for the claimed transgressions against them, but on behalf of all "similarly situated" California franchisees. FAC ¶¶ 54-59. No other franchisees are party to this action, but Plaintiffs are entitled to bring UCL claims on behalf of those allegedly affected by RMCF's business practices. § 17203-17204 ("any person may pursue representative claims or relief on behalf of others" if that person "has suffered injury in fact and has lost money or property as a result of the unfair competition").

Nevertheless, several forms of relief sought by Plaintiffs are unavailable under the California statutes. First, § 17200 does not "recognize the recovery of damages by individuals for unfair business practices." Kates v. Crocker Nat'l Bank, 776 F.2d 1396, 1398 (9th Cir. 1985); Little Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441 (9th Cir. 1988); Meta-Film Assoc., Inc. v. MCA, Inc., 586 F.Supp. 1346, 1363 (C.D.Cal. 1984). Second, monetary penalties may only be assessed in civil actions brought on behalf of the people of the State of California by certain government officials. § 17206(a). Plaintiffs claims for monetary damages and civil penalties are therefore dismissed with prejudice.

Plaintiffs also seek disgorgement and other restitutionary relief, remedies which RMCF contends are precluded under the UCL. However, § 17203 authorizes a court to make orders necessary to restore real or personal property and money "to any person in interest." Courts have interpreted this section as allowing restitution and the decision to award such relief is left to a court's discretion. See Kraus v. Trinity Mgmt. Serv., Inc., 23 Cal.4th 116, 126-127 (Cal. 2000). Restitution may be awarded without individualized proof of deception, reliance, and injury if the court "determines that such a remedy is necessary 'to prevent the use or employment' of the unfair practice...." Fletcher v. Sec. Pacific Nat'l Bank, 23 Cal.3d 442, 453 (1979). Since Plaintiff

specifically requests disgorgement and restitution, the court may award such relief as appropriate.

### b. Merits of the § 17200 Claim

Plaintiffs allege Defendant RMCF committed fourteen different unfair and unlawful acts. FAC ¶ 53. California's consumer protection law prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice..." § 17200. The Colorado court found certain representations, including those dealing with Plaintiffs' access to cost and expense information, were sufficiently alleged to support fraud claims under Colorado law. FAC ¶ 53(j); Mot. to Dismiss, Ex. H. In addition, "a practice is prohibited as unfair or deceptive even if not unlawful..." Podolsky v. First Healthcare Corp., 50 Cal.App.4th 632, 647 (1996). The Colorado court has not evaluated RMCF's conduct under the seemingly less stringent California legal standards. Thus, on the merits alone, Plaintiffs have sufficiently pled a claim under § 17200.

### C. Plaintiff's Cal. Bus. & Prof. Code § 17500 Claim (False Advertising Law)

Plaintiffs do not expressly allege a claim under § 17500 in their FAC, but mention it as part of their second claim for relief under § 17200. FAC ¶ 52. In their Opposition papers, Plaintiffs argue RMCF's publication of its UFOC, required by the State of California, constituted an advertisement, and its language regarding competition and "alternative channels of distribution" was sufficient to deceive the public. Opp. 19:8-11. However, as Plaintiffs rely once again only on issues of fact previously addressed in the Colorado Action, they are precluded from raising the same issues under another legal basis.

## IV. Conclusion

For the foregoing reasons, the court hereby **ORDERS** the following:

1. Defendant RMCF's Motion is **GRANTED** with leave to amend as to Plaintiff's First Cause of Action under Cal. Bus. & Prof. Code § 17000;

2. The court **STAYS** determination of Defendant RMCF's Motion on Plaintiff's Second Cause of Action under Cal. Bus. & Prof. Code § 17200 pending resolution of the Colorado Action;

3. Defendant RMCF's Motion is **GRANTED** with leave to amend as to Plaintiff's Cause of Action under Cal. Bus. & Prof. Code § 17500.

Plaintiffs are directed to file written notice with this court no later than 15 days following entry of judgment or documentation of any other resolution of the Colorado Action. Although the court grants leave to file a Second Amended Complaint, Plaintiffs may not do so until after the Colorado Action is concluded in light of the stay issued herein. A Second Amended Complaint must be filed within 30 days of the written notice referred to above.

**IT IS SO ORDERED.**

DATED: November 6, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties